MADISON COUNTY *v.* JAMES L. STEWART.

1. STATUTES. *Code* 1892. *Laws* 1884, *p.* 318.

 The act of 1884, p. 318, a special law authorizing the working of public roads in Madison county under contract, was not repealed by the code of 1892.

2. SAME. *Repeals by implication.*

 The repeal of statutes by implication is not favored, and when the earlier statute is particular, and the later general, and contains no negative words, the prior statute is not repealed, unless the repugnance is so great as to show clearly a legislative purpose to that effect.

FROM the circuit court of Madison county.

HON. ROBERT POWELL, Judge.

The facts of the case are stated in the opinion.

*J. B. Chrisman*, for appellant.

The repugnancy of the general law for working public roads, under code 1892, to the special law for Madison county (Laws 1884, p. 318) is conspicuous. The two laws are irreconcilable. The special law was not saved from repeal by § 8 of the code. The chapter of the code on the subject of roads, ferries and bridges went into effect in July, 1892, and § 8 did not go into effect until November 1 afterwards (code 1892, § 12). Section 8, therefore, did not become the law until five months after the repugnancy between the new and old law had, under settled rules of construction, operated to repeal the old, and of course the section could in no sense revive the repealed special law or give it validity.

*W. H. Powell*, for appellee.

Manifestly, chapter 320, acts of 1884, is still in force. This chapter is entitled "An act in relation to public roads in the county of Madison, and for other purposes," while chapter 117 of code of 1892 is entitled "Roads, ferries and bridges."

Private and local laws are not affected by § 8 of the code of 1892. The Madison county law is a local one, and is not revised or brought forward as such into the code. The code is the general law, and governs only in those counties that have no local law. Read the act of 1884 with the code, and the same result will be reached as in the Bolivar county case. *Jones* v. *Melchoir*, 71 Miss., 115. Repeals by implication are not favored. 23 Am. & Eng. Enc. L., 489, all of section D.

Both the act of 1884 and the code of 1892 can stand without detriment. There is nothing so repugnant in them as to compel the court to abrogate either. One was for a particular purpose, and the other for general purposes. When §§ 2, 3 and 8 of the code of 1892 are considered with reference to the act of 1884, page 318, *et seq.*, it is manifest that the act of 1884 is still the law for Madison county.

COOPER, C. J., delivered the opinion of the court.

Stewart brought suit against the county of Madison, to recover the sum of $150 for working the public roads of said county. The case was tried on an agreed state of facts, from which it appears that in December, 1895, the board of supervisors of Madison county, believing that an act of the legislature, approved February 16, 1884 (Acts 1884, p. 318), was then of full force and effect, made a contract with the plaintiff to work certain roads in said county under the provisions of said act. It is agreed that the work was done in accordance with the terms of the contract, and that the sum demanded by the plaintiff is justly due to him if the said act was not repealed by the code of 1892, before the contract between the plaintiff and said board was made, the only question being whether said act was in force and unrepealed when the contract was entered into. By the act approved February 16, 1884, the board of supervisors of Madison county was authorized to "provide for the construction, repair, and working of the public roads, bridges, and turnpikes in said county, or any district or part thereof, by contract, such contracts to be for not less than one nor more than five years; such contracts may be let privately or publicly," etc. In 1892 the laws of the state were codified, and among other provisions of the code is one authorizing the boards of supervisors of the counties in the state to make contracts for the working of public roads, in their respective counties, by contracts, but no contract to be for less than two years, and each road or division to be under a separate contract, and the contracts were to be let as other contracts by boards of supervisors. Code, § 3929. By another section of the code, it is declared that all contracts, where the sum contracted to be paid shall exceed $50, shall be let at public outcry, or upon sealed bids, after publication. *Id.*, § 340. There are other differences between the provisions of the act of February 16, 1884, and those of the code relative to the mode of levying taxes, etc., to obtain funds to pay for road work under the

contracts; but they need not be set forth, for, unless the act is repealed by the repugnancy between it and the code provisions above noted, there is nothing in the other code provisions which would produce that result. The introductory chapter of the code contains an express provision (§ 8) that "private and local laws not revised and brought into this annotated code, are not affected by its adoption, unless it be expressly so provided herein." But this chapter became operative only on November 1, 1892, when the body of the code went into effect, while the chapters on "Boards of Supervisors," of which § 340 is a part, and that on "Roads, Ferries and Bridges," which contains § 3929, were, by a special chapter, put in operation from May 1, 1892.

The argument is that the provisions of these chapters are inconsistent with those of the act of February 16, 1884, and repealed them by implication on May 1, 1892, and that the saving of the introductory chapter does not avail, because that chapter came into operation only on November 1, 1892, six months after the repeal by necessary implication of the act of 1884. The appellant, therefore, contends that the board of supervisors had no authority to enter into the contract with the plaintiff; not under the act of 1884, because that had been repealed, and not under the code, because the contract was not made in conformity to the code provisions. We are of opinion that, regardless of the saving provision of the code (§ 8), the local act of 1884 was not repealed by the code. That act was of local operation only. It provided a complete and detailed scheme having reference to the highways in one county, while the code provisions applied equally to all the counties in the state. The repeal of statutes by implication is not assumed to have been within the contemplation of the lawmakers, and, when one statute is particular and the later one general, and especially where the later statute contains no negative words, the rule of construction is well settled that the prior statute is not thereby repealed unless the repugnancy be so great as to

show clearly the legislative purpose to that effect. "The reason of this rule is that, when the mind of the legislator has been turned to the details of a subject, and he has acted upon it, a subsequent statute in general terms, or treating the subject in a general manner, and not expressly contradicting the original act, shall not be considered as intended to affect the more particular or positive previous provisions, unless it is absolutely necessary to give the latter act such construction in order that its words shall have any meaning at all." Sedg. St. Const., 98. Section 340 of the code of 1892 is substantially § 2179 of the code of 1880, and as it appeared in the code of 1880, both it and the act of 1884 had operation—the code in the state at large, and the act in the particular county to which it applied. The code of 1892 brought the section forward from the code of 1880, and preserved it, with some modifications, as a part of the revised statutes; but neither in this nor in any of the other code provisions do we find anything indicating a purpose to repeal the local statute.

*The judgment is affirmed.*