## MADISON COUNTY *v.* SAMUEL R. COLLIER.

1. *Roads.    Madison county.    Laws* 1884, *p.* 318.    *Laws* 1890, *p.* 384.    *Repeal.    Code* 1892.

    The act of 1884 (Laws 1884, p. 318, ch. 320) and the act of 1890 (Laws 1890, p. 384, ch. 250) regulating the working of public roads in Madison county, were not repealed by the adoption of the code of 1892.

2. SAME.    *Pay of supervisors.    Laws* 1890, *p.* 384, *sec.* 8.    *Statute of limitations.    Code* 1892, *§* 2739.    *Open account.*

    The claim of a member of the board of supervisors for compensation, under sec. 8 of the act of 1890 (Laws 1890, p. 384, ch. 250), rests in open account and is barred by (code 1892, § 2739) the three years' statute of limitations.

FROM the circuit court of Madison county.

HON. ROBERT POWELL, Judge.

Collier, appellee, was plaintiff in the court below; Madison county, appellant, was defendant there. The opinion fully states the case.

*A. P. Hill*, for appellant and cross appellee.

The act of 1890, chapter 250, was repealed by the adoption of the code of 1892; certainly the eighth section of the act, providing for the compensation of the members of the board of supervisors was repealed by §§ 2018, 2019 of said code, which prescribe the entire compensation or fees to be paid supervisors.

*Chrisman & Howell*, for appellee and cross appellant.

The act of 1884, chapter 320, was not repealed by the adoption of the code of 1892. *Madison County* v. *Stewart*, 74 Miss., 160. It follows, of course, that the act of 1890, chapter 320, including the eighth section, was not repealed thereby. Appellee's claim did not rest in open account, and no part of it was barred; he should have recovered upon his entire demand. The definitions of an open account are sufficient to maintain this point. Bouvier's Law Dictionary, and authorities there cited.

TERRAL, J., delivered the opinion of the court.

S. R. Collier was a member of the board of supervisors of Madison county for the years 1896, 1897, 1898, 1899, inclusive, and performed all the duties of that office. In February, 1900, he filed his claim for $150 salary for each of said years, under section 8, chapter 250, acts 1890, entitled, "An act to insure the better working of the public roads in the county of Madison, and for other purposes." The board of supervisors admitted upon the record that Collier had served as a member of the board for the years specified, under a regular election to said office, but had received no pay under the act of 1890, but disallowed said claim. A bond was given by Collier, and the case appealed to the circuit court, which gave judgment

for him in the sum of $300, holding that the three years' statute of limitations barred Collier for his salary for the years 1896 and 1897. The county appeals, and Collier takes a cross appeal. The contention of the county is based upon the idea that chapter 250, acts 1890, is repealed by the code of 1892. Chapter 250, acts 1890, seems to be an amendment to chapter 320, acts 1884, for working the public roads in Madison county by contract; and as it was held in *Madison County* v. *Stewart,* 74 Miss., 160 (20 So. Rep., 857), that the latter act was not repealed by the code of 1892, it seems to us that it must follow that chapter 250, acts 1890, is not repealed by the code. The claim of Collier against the county is only matter of open account, and is barred by the limitation of three years.

*Affirmed.*