WINT ADAMS, STATE REVENUE AGENT, *v.* JOHN B. DENDY.

1. SUPERVISORS.  *Salary.  Local act.  Laws* 1890, *p.* 386.  *Repeal by general act.  Code* 1892, § 8.

    Laws 1890, p. 386, ch. 250, sec. 8, authorizing a salary to members of the board of supervisors of Madison county, was not repealed by code 1892, which reproduces the general, but not the local, provisions of such act, as § 8 of the code preserves all private and local laws unless repeal or modification be "expressly so provided."

2. SAME.  *Constitution of* 1890.

    Constitution 1890, being prospective, does not affect such act, it being in force at the time of the adoption of the constitution.

FROM the circuit court of Madison county.

HON. ROBERT POWELL, Judge.

Adams, state revenue agent, appellant, was plaintiff in the court below; Dendy, appellee, was defendant there.  From a judgment sustaining a demurrer to the declaration and dismissing the suit plaintiff appealed to the supreme court.  The opinion states the facts.

*Mayes & Harris* and *H. B. Greaves,* for appellant.

First.  Was section 8 of chapter 250 of the laws of 1890 repealed by the enactment of the code of 1892, or was it not?

Second.  If the said section was not so repealed, is it not unconstitutional?

We affirm that the section was repealed by the code of 1892. We are aware that in this proposition we come squarely in conflict with the decision of this court in the case of *Madison County* v. *Collier,* 79 Miss., 220.

In that case, we submit that the court, while the logic and reasoning of its opinion was correct, yet proceeded upon an erroneous assumption of fact.  The opinion runs as follows:

"The contention of the county is based upon the idea that chapter 250 of the acts of 1890 is repealed by the code of 1892. Chapter 250, acts of 1890, seems to be an amendment to chapter 320 acts 1884 for working public roads in Madison county by contract; and, as it was held in *Madison County* v. *Stewart,* 74 Miss., 160, that the later act was not repealed by the code of 1892, it seems to us that it must follow that chapter 250 acts 1890, is not repealed by the code."

We cannot challenge the logic of this position, if it be true that the act now in question was nothing but an amendment of the act of 1884; and if it be further true that the act of 1884 was not repealed by the code of 1892, then it must follow that the amendatory act was not repealed. Neither do we question the soundness of the decision in the case of *Madison County* v. *Stewart,* 74 Miss., 160. It is not necessary to take such a position in this case. For the purpose of this case, we shall admit the soundness of that decision.

What we do contend for here, and the point which we desire to press upon the attention of the court, is this—that the act of 1890 was not "an amendment of the act of 1884," but was an amendment of the code of 1880; and that, while the act of 1884 may not have been repealed by the code of 1892, the act of 1890 being an amendment of the code of 1880 was repealed by the code of 1892.

The course of reasoning which leads to the conclusion, and may lead to it correctly, announced in the Stewart case in 74 Miss., as applied to the act of 1884, will not properly lead to the same conclusion as applied to the act of 1890. The two statutes are of very dissimilar character, and deal with essentially different subjects, although both have reference to the public road system.

The act of 1884 was strictly and unmistakably a local law, not purporting to have any application except to Madison county, or even appearing to do so.

The act of 1890, however, is one of somewhat more doubtful

character. It must be admitted that it is very badly drawn. It seems to be a jumble of sections, which, considered separately, would appear to be general amendments to the code of 1880, applicable to every county in the state, and of other sections which are clearly and avowedly local to Madison county alone.

It is a little difficult to classify the thing. It seems to be in part general legislation, and in part local legislation; but whether general or local it is certainly not an amendment to the act of 1884. It does not even profess to be an amendment to that act, and the act of 1884 is nowhere alluded to in it directly or indirectly, and the two statutes deal with entirely different matters connected with the road law.

The act of 1884 deals, and deals only, with the matter of authorizing the public roads in Madison county to be worked by contract, while the act of 1890 does not touch that subject at all, but deals only with the two subjects of the inspection of the public roads by members of the board of supervisors and reports to be made of such inspection, on the one hand, and the ways and means of laying out and condemning new public roads and paying damages therefor, on the other.

How can it be possible that the act of 1890 is an amendment only to the act of 1884, when it does not profess to be such, and does not allude to it, and does not deal anywhere with the same subject matter; and also when it does not profess to be, as it is and only can be, an amendment to certain sections of the code of 1880, which sections in the code of 1880, are not touched by the act of 1884 at all.

It must be that the code of 1892 repealed section 8 of the act of 1890, else the law is unconstitutional.

Section 91 of the constitution of 1890 provides as follows:

"Sec. 91. The legislature shall not enact any law for one or more counties, not applicable to all the counties in the state, increasing the uniform charge for the registration of deeds or regulating costs and charges and fees of officers."

Section 88 of the constitution also provides as follows:

"Sec. 88. The legislature shall pass general laws, under which local and private interests shall be provided for and protected," etc.

We are not obvious of the rule of constitutional construction by which it is settled that where a new constitution prohibits local or special legislation, such prohibition is considered to be prospective in its character and not to repeal existing private or local statutes unless they are distinctly in conflict with the positive and self-executing provisions of the constitution elsewhere found. Nor have we overlooked the decision of this court in the case of *Lum* v. *Vicksburg,* 72 Miss., 950.

Perhaps the proposition which we have to submit would be better stated if it were put, not as a question of the unconstitutionality of the statute itself, but as a question of the bearing of the constitution of 1890 on the true interpretation and meaning of the code of 1892. Exactly stated, our point is this: That while, under the ordinary rule of construction alluded to above, if the question stood only on the fact that the constitution of 1890 was adopted after the passage of the act of 1890, and if it were only a question of the effect of the constitution itself on that act, it would be settled by the authorities bearing on the subject that the constitution would not repeal the act of 1890.

Yet, the further and controlling fact is found to exist in the case at bar that, after the adoption of the constitution of 1890, the code of 1892 was itself adopted.

Grant that the constitution of 1890 would not repeal the act of 1890, is it not clear that the enactment of the code of 1892 after the adoption of the constitution of 1890 did repeal the act of 1890?

*J. A. P. Campbell,* for appellee.

That the act of 1890 (acts, p. 384), was a local and special act for Madison county, as to several of its sections, and particularly as to section 8, is undeniable, and whether amendatory of the act of 1884 or not is immaterial. That it is, as to certain sec-

tions, local and special, is all that is necessary to completely vindicate the opinion of this court in *Madison County* v. *Collier*, 79 Miss., 220, holding that it was not repealed, on the principle on which it was held in *Madison County* v. *Stewart*, 74 Miss., 160, that the act of 1884 was not repealed by the code of 1892.

Appellee plants himself on the impregnable ground furnished by that canon for the interpretation and application of constitutions and statutes expressed by the maxim, *Generalia specialibus non dorogant*, illustrated by ten thousand cases, among them, the decisions of this court now assailed.

True, the decision reported in 74 Miss. is acquiesced in by counsel but a vain effort is made to distinguish the two cases which rest on the very same principle.

The act of 1890 was unquestionably an amendment of the act of 1884, even though not so declared. That was plainly its effect. Mr. Mayes said it was an amendment of the code of 1880. It was both, and he concedes if it was amandatory of the act of 1884, it was not repealed. That gives up the case.

The act of 1890 as to Madison county was the complement of the act of 1884. As to this there can surely be no dispute.

Being a local and special act, it was by the express provision of the code of 1892, section 8, not repealed by it. Section 3 of the code relates to general acts, and has no reference to local and special acts.

The constitution was prospective and it did not amend the Madison laws.

The constitution and code are separate and distinct things. The constitution stands alone, and is wholly independent. The code depends on it, and must conform to it, but the idea of joint operation is incomprehensible. The fundamental law is the authority for statutes, the criterion and test of their validity, but the idea that you may piece them together, and by combination effect what neither alone does, is, we venture to assert, unheard of before. They have different purposes and operation, always separate. The code is valid or not as it conforms to the consti-

tution or not.   The code is dependent on the constitution, but
not *vice versa.*   It is a pure fancy that a result can come partly
from both.

*J. B. Chrisman,* on same side.

Argued orally by *Edward Mayes,* for appellant, and by *E. A.
Howell* and *J. A. P. Campbell,* for appellee.

CALHOON, J., delivered the opinion of the court.

Mr. Dendy has been for years a member of the board of
supervisors of Madison county.   The revenue agent sued him,
and the sureties on his official bond, to recover money collected
by him as salary, under section 8 of chapter 250, acts 1890, p.
386, approved January 31, 1890.   A demurrer to the declara-
tion was sustained, and the revenue agent appeals.   That sec-
tion of that act distinctly authorizes the salary as to the particu-
lar county of Madison, and, if valid as a local measure, settles
this controversy in favor of Mr. Dendy.   It was held valid by
us in *Madison County* v. *Collier,* 79 Miss., 220; 30 South., 610,
which decision is here attacked.

The questions presented by counsel for appellant are whether
this section 8 is repealed by the general law of the code of 1892
(§§ 3914, 3928, 3935), and, if not, is it constitutional?   It
was undisputably valid on November 1, 1890, the date on which
our present constitution was adopted; and it seems clear that
that instrument did not, of itself, affect its validity in its aspect
as a special statute for Madison county.   The code of 1892, of
itself, did not repeal it, as this court has held specifically, on
precisely the same issue as here presented, in *Madison County* v.
*Collier,* 79 Miss., 220; 30 South., 610, the opinion in which is
based on the authority of *Madison County* v. *Stewart,* 74 Miss.,
160; 20 South., 857, construing a kindred statute for the same
county (acts 1884, p. 318, ch. 320) holding the same way.   The
residuum, then, for contest, is that, granting that the constitu-
tion of 1890, alone, did not affect section 8 of the acts of 1890,

and granted that the code of 1892, alone, and without that constitution behind it, did not affect that section, may it not still be true that both together did?

By acts 1884, p. 318, ch. 320, the Madison county board of supervisors was empowered to work the roads by contract for not less than one year, nor more than five years, to be let privately or publicly. The contract, in a concrete case then before this court, was made in 1895, after the constitution of 1890 and code of 1892, which code, § 3929, in a general law for all counties, limited such contracts to not less than two years, and provided by section 340 that all contracts over $50 be let at public outcry. The radical difference here, as well as other differences not necessary to note, is immediately and plainly apparent. Now, under this local act of 1884, the contractor sued the county—the defense being *ultra vires,* on the ground that the general law of the code repealed the local act; but this court, through Chief Justice Cooper, sustained the contract and repudiated the idea of code repeal. The court held that, without regard to section 8 of the code of 1892, which provides that local laws "not revised and brought into" that code are not affected by its adoption "unless it be expressly so provided herein"; the local act was not repealed. The opinion has this language: "That act (1884) was of local operation only. It provided a complete and detailed scheme, having reference to the highways in one county, while the code provisions applied equality to all the counties in the state. The repeal of statutes by implication is not assumed to have been within the contemplation of the lawmakers, and when one statute is particular, and the later one general, and especially where the later statute contains no negative words, the rule of construction is well settled that the prior statute is not thereby repealed, unless the repugnancy be so great as to show clearly the legislative purposes to that effect." This language is pertinent to constitutions as well as statutes, and just as sound as applied to the act of 1890, now before us, as to the act of 1884. In this connection we desire to refer to

the case of *Rogers* v. *United States,* 185 U. S., 83; 22 Sup. Ct., 582; 46 L. Ed., 816, in which it is held that, "where the intent is a debatable question," the special statute stands, under rules guiding the courts in construction; and Mr. Justice Brewer, in that case, in delivering the opinion of the court, says: "Where there are two statutes, the earlier special and later general—the terms of the general broad enough to include the matter provided for in the special—the fact that the one is special and the other general creates a presumption that the special is to be considered as remaining an exception to the general, and the general will not be understood as repealing the special, unless a repeal is expressly named, or unless the provisions of the general are manifestly inconsistent with those of the special."

The act of 1890, now immediately before us, is entitled "An act to insure the better working of the public roads in the county of Madison, and for other purposes." When the act was passed it was entirely competent for the legislature to pass acts partly general and partly special. This is that sort of an act. Its sections 3, 5, 7 and 8 are purely local, having reference to Madison county only, while the other sections are express amendments to the code of 1880, and embrace the whole state. But those sections which are special are none the less so because others are general, and we sustained them as still in force, and not affected by the code of 1892, in *Madison County* v. *Collier,* 79 Miss., 220; 30 South., 610, in which we upheld Mr. Collier's claim, which was precisely the same as Mr. Dendy's in the case in hand. We think it plain that the local sections of the act of 1890 are designed to be, as they are in fact, amendments to the act of 1884, if this be material, as we do not think it is. It was not the purpose in the code of 1892 to repeal the act of 1890, or it would have been so stated, as section 8 of that code preserves all private and local laws unless repeal or modification be "expressly so provided." The constitution of 1890, being prospective, does not affect the statute, and we cannot see that sections 88, 90, and 91 of that instrument affect the question be-

fore us. Very manifestly, section ·91 is on a wholly different subject. Because the code of 1892 reproduces the general provisions of the act of 1890, and does not incorporate the local provisions, does not establish the corallary that it thereby repealed the special provisions for Madison county. The inference is the reverse, since it was not expressly done. The act of 1890 being valid when the constitution of 1890 was adopted, and being unaffected by it, and being unaffected by the code of 1892, and not having been interfered with by the legislature since the decision in the Stewart case and the Collier case, is still in force.

*Affirmed.*