D. S. Pate Lumber Co. *v.* Southern Ry. Co. in
Mississippi.

[76 South. 481, Division A.]

Limitation of Actions. *Statute applicable. Implied contracts.*

The limitation of three years provided by section 3099, Code 1906, governs in an action by a railway company to recover freight charges, where the writings introduced in evidence do not set forth the terms of any contract entered into between the parties thereto, but simply show that the railway company collected from the shipper a less sum of money for transporting lumber than under the law, it should have done by reason of which the law imposes an obligation upon the shipper to account to the railway for the difference between the money which it actually paid and that which it should have paid, thereby giving rise to a contract the terms of which were not express, but only implied by law.

Appeal from the circuit court of Lowndes county.
Hon. T. B. Carroll, Judge.

Suit by the Southern Railway Company in Mississippi against D. S. Pate Lumber Company. From a judgment for plaintiff, defendant appeals.

The railway company brought this action in the court below to recover freight charges alleged to be due on carload shipments of lumber from points in Alabama to points in Illinois and other states, via Columbus, Miss. where it was dressed in transit. The suit was brought more than three years and less than six years after the charges fell due; and defendant pleaded the three-year statute of limitation of Mississippi. The three-year statute (section 3099, Code Miss. 1906) is as follows:

"Actions on an open account or stated account not acknowledged in writing, signed by the debtor's, and on any unwritten contract, express or implied, shall be commenced within three years next after the cause of such action accrued, and not after."

On delivery of each shipment to the planing mill at Columbus, Miss., the lumber company was required to pay the freight charges at the local rate from its point of origin in Alabama to Columbus. After each shipment of lumber was dressed, it was redelivered to the railway company to be forwarded to its destination; and thereupon, according to a provision in the applicable interstate tariff, the through rate from the point of origin in Alabama to the point of ultimate destination in Illinois, or other state, was charged against the shipment, and the railway company was required to refund to the lumber company such proportion of the freight charges from point of origin in Alabama to Columbus, Miss., as the weight of the shipment forwarded from Columbus after being dressed bore to its weight when it was shipped to Columbus in the rough, less a charge for the dressing in transit privilege. It was that part of the tariff providing for this refund the misconstruction of which the railway company alleged resulted in over payments to the lumber company, and therefore in the undercharges for which the railway company sued. The refunds were made by drafts drawn by the agent of the railway company at Columbus in favor of D. S. Pate Lumber Company and indorsed and collected by the lumber company.

The lumber company itself made out the bills of lading on the usual forms upon forwarding the dressed shipments of lumber from Columbus; and they were signed both by the lumber company and the railway company. Neither the weights of the outbound shipments nor the rate were inserted in the bills of lading, but they contained the following:

"Received subject to classifications and tariffs in effect on the date of issue of this original bill of lading."

Copies of the bills of lading were introduced in evidence by the plaintiff, without objection, on the ground that they were copies; the originals having been deliv-

ered to the defendant lumber company, and not being available.

The writings which the court held to be insufficient to take the case out of the three-year statute of limitation were: (1) The bills of lading; (2) extracts from the tariffs showing the applicable rates and provisions, duly certified by the secretary of the Interstate Commerce Commission; (3) the waybills issued at the points of origin in Alabama covering the transportation of the rough lumber to Columbus, Miss., showing, among other things, the weight of the lumber and the rate at which freight was collected at Columbus for transportation from the points in Alabama to Columbus; (4) the waybills issued by the railway company at Columbus, showing the weight of the shipments after being dressed when they were forwarded from Columbus to points in other states; (5) the drafts drawn by the railway company's agent at Columbus on its treasurer for the amounts refunded on the several shipments, properly indorsed by the lumber company, and paid by the railway company.

The lumber company was not a party to the waybills. They were issued by the railway company for the information of its own conductors and agents.

*W. C. Meek,* for appellant.

The authorities all cited by plaintiff were not in point at all on their contention. There was no written contract at all in the case of any sort or kind at all. Simply a suit on an open account for the difference paid and no notes or writing of any kind whatever, no writing or promise in writing to pay or binding to do so in any way. Plaintiff cannot find any case in America or in England sustaining its contention, for there is none. (See Mississippi Code of 1906, sections 3099, 3100, 3115, 3118.) *Yazoo & Mississippi Valley Railroad Company* v. *Willis; Foote* v. *Farmer,* in 71 Mississippi Reports,

on page 148 to 150; 49 Mississippi, page 480; *Beck* v. *Beck,* in 7 George, Mississippi Reports, page 72.

This is a suit on an open account pure and simple, and was barred in three years. A suit for rebates, refunds to recover same for the difference paid and what should have been paid by payments being made in checks or drafts makes no difference. This does not make it a contract in writing at all. 32 Mississippi, page 622; 33 Mississippi, page 41; 62 Mississippi, page 71; 12 Smedes & Marshall Reports, page 663; 24 Mississippi, pages 389 and 392; 28 Mississippi, page 361; 30 Mississippi, page 171; 14 Smedes & Marshall, page 52; 14 Smedes & Marshall, page 52; 55 Mississippi, page 52; 55 Mississippi, page 146.

*Carl Fox,* for appellee.

It is hardly necessary to cite authorities that there is no escape from the payment of freight charges at the rate prescribed by the tariffs. *Louisville & Nashville R. R. Co.* v. *Maxwell,* 237 U. S. 94 L. R. A. (N. S.) 1915E, 665; *Atchinson, T. & S. F. R. Co.* v. *Bill* (Okla.), 120 Pac. 987, 38 L. R. A. (N. S.) 351 and note; *Louisville & Nashville R. R. Co.* v. *Mottley,* 219 U. S. 567; *Chicago & A. R. Co.* v. *Kirby,* 225 U. S. 155; *Armour Packing Co.* v. *United States,* 209 U. S. 56; *Texas & Pac. R. R. Co.* v. *Mugg,* 202 U. S. 242; *Schenberger* v. *Union P. R. Co.* (Kan.), 113 Pac. 433, 33 L. R. A. (N. S.) 391, and note; *New York, N. H. & H. R. R. Co.* v. *York & Whitney,* 215 Mass. 36, 102 N. E. 366; *Ga. R. Co.* v. *Creety,* 5 Ga. App. 424, 63 S. E. 528; *Central R. R. of N. J.* v. *Mauser,* 241 Pa. 603, 88 Atl. 791, 49 L. R. A. (N. S.) 92, and the note to this case in L. R. A. (N. S.), which is very full; *Carter Planing Mill* v. *N. O. M. & C. R. R. Co.,* —— Miss. ——, 72 So. 884; *Yazoo & Miss. V. R. R. Co.* v. *Willis,* 111 Miss. 303, 71 So. 563; *Kan. City Sou. Ry. Co.* v. *Carl,* 227 U. S. 639, 645; *Louisville & Nashville*

*R. R. Co.* v. *Maxwell*, 237 U. S. 949; *Georgia, Florida and Alabama Ry. Co.* v. *Blish Milling Co.*, 241 U. S. 190, 197; *Phillips Co.* v. *Grand Trunk Western Ry. Co.*, 236 U. S. 662-667.

The only other question which we desire to discuss is the statute of limitations. The obligation of the Lumber Company is provable by the bills of lading issued for dressed lumber out of Columbus, and the drafts drawn by the agent of the Railway Company at Columbus on the Railway Company's assistant treasurer- at Mobile payable to and endorsed by the Lumber Company or its agent. The Lumber Company itself made out these bills of lading and presented them to the Railway Company's agent for execution, and they were signed by the Lumber Company as well as by the Railway Company.

The defendant pleaded section 3099 of the Code of 1906, the three years' statute of limitations: "Actions on an open account or stated account not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three years next after the cause of such action accrued and not after."

This suit is not based upon any open account; each transaction is separate and distinct and would have been closed when the refunds were paid by the railway company's draft but for the error in the construction of the tariff. The Lumber Company did not have an account with the Railway Company. It paid cash for what it received and likewise when the Railway Company's turn came to pay, it did not ask for credit. If the three years' statute applies, it is because this suit was brought on an unwritten contract, express or implied."

*Vicksburg Water Works Co.* v. *Yazoo & M. V. R. R. Co.*, 102 Miss. 504, 53 So. 825; *Cocke v. Abernathy*, 77 Miss. 872, 28 So. 18, was a suit by a principal against the estate of his attorney-in-fact for money collected by the latter

and not paid over. The only written evidence of the claim was a receipt for money given by the attorney-in-fact to the person from whom it was collected.

The court said: "The claim is not barred by the statute of limitations of three years, because the liability of Robinson (attorney-in-fact) is provable by writing." *Masonic Benefit Association* v. *First State Bank,* 97 Miss. 610, 55 So. 408.

In *Fowlkes* v. *Lea,* 84 Miss. 509, 36 So. 1036, 68 L. R. A. 925, it was held that the recital of a consideration in a deed which had not been paid was a promise in writing by the grantee to pay the consideration, although the deed was not signed by the grantee, and that the three years' statute did not apply.

In *Yazoo & M. V. R. R. Co.* v. *Willis,* 111 Miss. 303, 71 So. 563, suit was brought for freight charges on an interstate shipment more than six years after the charges accrued. This court held that the state statutes of limitation applied, and apparently had in mind the six years' statute, although it was not expressly decided whether the three years' or the six years' statute was applicable.

In *Illinois Central Ry. Co.* v. *Jackson Oil Etc., Co.,* 111 Miss. 320, 71 So. 568, it was held that the six years' statute and not the three years' statute was applicable to a suit for loss of cotton seed in transit for which a bill of lading had been issued by the Railway Company. It was argued that the contract of shipment was indefinite because the weight or amount of seed was not stated. In reply to this the court said: "It makes no difference whether the bill of lading stated the number of pounds constituting the car load or not." And again: "This promise is in writing and is the foundation of the action." We think there is nothing peculiar to this cause which takes it out of the rule established by the foregoing decisions.

*Sturdivant, Owen & Garnett,* for appellee.

We will consider the fourth and fifth assignments of error together, as they embrace practically the same contention; that is, whether the three year or six year statute is applicable to this cause.

Sections 3097 and 3099 of the Mississippi Code of 1906 are as follows: "3097. (2737) Actions to be brought in six years. All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action."

"3099. (2739) Actions to be brought in three years. Actions on an open account or stated account not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three years next after the cause of such action accrued and not after." Case of *Masonic Benefit Association* v. *First State Bank,* 55 So. 408, it seems to us is conclusive that in this case; the six year statute and not the three year statute applies. *Washington* v. *Soria,* 73 Miss. 665, 19 So. ——; *Fowlkes* v. *Lee,* 84 Miss. 509, 36 So. 1036; *Cock* v. *Abernathy,* 77 Miss. 872, 28 So. 18, 25 Cyc. 1041; *Y. & M. V. R. Company* v. *Willis,* 71 So. 563; *Illinois Central Ry. Co.* v. *Jackson Oil & Refining Co.,* 71 So. 568.

We submit that the six year statute applies under the facts in the case at bar, and that appellee has proved its case "by writing."

Smith, C. J., delivered the opinion of the court.

We are of the opinion that the limitation of three years provided by section 3099, Code of 1906, governs; for the reason that the writings here in question, taken singly or collectively, do not set forth the terms of any contract entered into between the parties thereto, but simply show that appellee has collected from appellant a less sum of money for transporting lumber than under the law it

should have, by reason of which, we will assume, the law imposes an obligation upon appellant to account to appellee for the difference between the money which it actually and that which it should have paid, thereby giving rise to a contract, the terms of which are not express, but are implied by law, so that the case comes squarely within *Buntyn* v. *Building & Loan Ass'n.* 86 Miss. 454, 38 So. 345.

*Reversed, and judgment here for appellant.*