JOLIET IRON AND STEEL COMPANY

*v.*

SCIOTO FIRE BRICK COMPANY.

1. PLEDGE *of commercial paper, or bonds payable upon condition—rights and duty of pledgee.* The pledge of commercial paper, as collateral security for the payment of a debt, does not, in the absence of a special power for that

purpose, authorize the pledgee to sell the security so pledged, upon default of payment, either at public or private sale.

2.   The pledgee of commercial paper, bonds, mortgages and promissory notes held as collateral security for the payment of a debt, is bound to hold and collect the same as they become due, and apply the net proceeds to the payment of the debt so secured.

3.   The same rule will apply in the case of bonds payable on condition, which are pledged as collateral security.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of assumpsit, upon a promissory note for $3953. The defendant set up, in its plea, that the plaintiff, after the commencement of the suit, had sold a number of railroad bonds belonging to the defendant, and by it placed in the hands of the plaintiff, as collateral security to secure the payment of the note sued on, which bonds were of great value, to-wit: of the value of all the damages sustained by the plaintiff by reason of the non-payment of the note sued on. To this plea the plaintiff replied that it had given public notice, by advertisement in a public newspaper, of the fact that it would sell the bonds referred to in the plea, at public auction; and that, in pursuance of such notice, it did sell said bonds at public auction to the highest bidder, and that the highest and best bid made for said bonds at such sale was $1800, and that the bonds were sold for that sum, which is the same sale in said plea mentioned, etc. To this replication defendant interposed a demurrer, which was overruled by the court and judgment rendered for the plaintiff, and the defendant appealed to this court.

Mr. FREDRICK ULMAN, for the appellant.

Messrs. SAWIN, JONES & HUNTING, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The pledge of commercial paper as collateral security for the payment of a debt does not, in the absence of a special

power for that purpose, authorize the party to whom such paper is so pledged to sell the securities so pledged, upon default of payment, either at public or private sale. He is bound to hold and collect the same as it becomes due, and apply the net proceeds to the payment of the debt so secured. A person holding property or securities in pledge, occupies the relation of trustee for the owner, and as such, in the absence of special power to do otherwise, is bound to proceed as a prudent owner would with his own. From the very nature of the case, *property* can only be applied as security through the process of sale. Not so with bonds, mortgages or promissory notes. *Wheeler* v. *Newbould*, 16 N. Y. 392.

It is insisted, however, that the bonds mentioned in the plea are not shown to have been commercial paper. It is not perceived that this could in any way alter the case. All the reasoning in support of the doctrine laid down as to commercial paper applies with the same, if not with more, force to bonds payable upon condition. Put up to sale, no bidder can, by mere inspection of the paper, form any just judgment as to the value of such paper.

The statements of the plea, in some respects, are not so full as they should be, but such defects are fully supplied by the statements in the replication.

Upon the facts as stated and confessed in the record, the judgment, upon the demurrer, should have been for appellant.

The judgment must be reversed, and the cause remanded for further proceedings in accordance with the views in this opinion.

*Judgment reversed.*