Cole v. Dalziel.

## FRANK F. COLE
### v.
## DAVISON DALZIEL.

1. BAILMENT.—A pledgee of commercial paper has no right, in the absence of a special power to do so, to sell the pledge, but is bound to collect it and apply the proceeds to the payment of the debt for which the pledge was given.

2. SPECIAL POWER GIVEN.—Where the pledgee has the special power given him by the pledgor, to sell the pledge at any time before or after the debt becomes due, at public or private sale, with or without notice, a sale made in pursuance of the express power so given, would pass a good title to the purchaser and trover would not lie.

3. DAMAGES.—Where the amount which plaintiff owed defendant and for which the pledge was given and held, exceeded the amount of the commercial paper which constituted such pledge, that circumstance should be taken into consideration in determining the amount of damages. If the sum so owing the defendant by the plaintiff was equal to the value of such paper, the plaintiff was entitled only to nominal damages if the sale of the pledge had been unauthorized.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed April 24, 1883.

This action was trover by Dalziel against Cole, in the court below to recover for the wrongful conversion of a promissory note made by third parties, June 13, 1881, for $500, payable to plaintiff's firm in ninety days.

On the trial upon plea of not guilty before the court without a jury, it appeared that June 14, 1881, the plaintiff borrowed of the defendant a sum of money and thereupon by an instrument under seal of that date, promised to pay Cole the sum of $242 in one month from that date, with interest at the rate of eight per cent. per annum; which instrument recited in substance, that to secure the payment of said sum, Dalziel had deposited with him, said Cole, as collateral security, the following promissory note for $500 (there describing the same as in the declaration) which said security, he, said Dalziel, thereby authorized said Cole to sell at public or private sale, with or without notice, on or before the maturity of this obligation or any time thereafter, and apply the proceeds toward the discharge of this obligation. And it was expressly therein further agreed that if recourse was had to said collateral, any excess should be applicable to any other note or claim held by said Cole against said Dalziel.

The plaintiff gave evidence tending to show that the principal debt, remaining wholly unpaid, the defendant on July 20, 1881, some four days after said debt became due, sold said collateral note to one Whalen, for two hundred dollars, and that such sale was made without sufficient notice to him. But gave no evidence tending to show a lawful tender by him or any one on his behalf of the amount for which such collateral was pledged, or any part of it. The defendant gave evidence tending to show sufficient notice of such sale and that the collateral brought, on such sale, all it was worth; that it was not collectible by any ordinary process of law; also that at the time of such sale the plaintiff was indebted to him upon another promissory note which he held against the

plaintiff for three hundred dollars in addition to the $242, and interest. There was a finding and judgment for plaintiff for $293, and defendant appeals to this court.

Mr. ROBERT HERVEY, for appellant.

Messrs. HUTCHINSON & PARTRIDGE, for appellee; that a wrongful sale amounts to a conversion, cited 2 Hillard on Torts, 95 (3d ed.); 1 Chitty on Pleadings, 154, 14th Am. ed.; Tyler Law of Pledges, 594.

Appellant stood in the nature of trustee for appellee and was bound to use all reasonable efforts to obtain the highest possible price for the collateral, and this with due regard to its nature: Joliet Iron Co. v. Scioto F. B. Co. 82 Ill. 548; Union Trust Co. v. Rigdon, 93 Ill. 458.

It was not proper to bring in a claim by way of recoupment, entirely disconnected with the subject-matter in litigation in the original suit without any notice that such claim was to be urged: Sedgwick on the Measure of Damages, *435; Batterman v. Pierce, 3 Hill, 174, note a.

Defendant may elect whether he will recoup or have his separate action for his claim, and having made his election he is bound by it: Fabbricotti v. Taunitz, 3 Sandf. (S. C.) 743; Eldridge v. Mather, 2 Coms. 157; Britton v. Turner, 6 N. H. 495.

Where a pledge is given to secure a usurious loan, the holding of it by the pledgee is wrongful, and the borrower may maintain trover for it, even before demand made: Tregoning v. Altenborough, 7 Bing. 97; Schroeppel v. Corning, 5 Denio, 240.

McALLISTER, J. Notwithstanding the pledge was commercial paper, yet after a careful reconsideration of the case, we are brought to the conclusion that, under the facts shown upon the trial, the action of trover was not maintainable. The authorities hold that a pledgee of commercial paper has no right, *in the absence of a special power to do so*, to sell the pledge, but is bound to collect it and apply the proceeds to the payment of the debt, for which the pledge was given.

Story on Bailments, 8th ed. § 321; Joliet Iron, etc. Co. v. Scioto Brick Co. 82 Ill. 548; Union Trust Co. v. Rigdon, 93 Ill. 458.

But in this case, the pledgee had the special power given him by the pledgor to sell the pledge, at any time before or after the debt became due, at public or private sale, with or without notice. Waiting until after the debt became due, he sold the pledge, not to either of the makers of the note pledged, but to a stranger to the transaction. That there was a sale can not, upon the evidence, admit of a doubt. Indeed, the plaintiff's case went upon the theory that there was a sale, but that it was made without giving the plaintiff sufficient notice. The rightful exercise of the power of sale was not dependent upon the giving of any notice whatever to the plaintiff. The notice which, in ordinary cases, would be indispensable to the right to sell the pledge, was here waived.

The sale, which it was claimed, constituted an unlawful conversion of the pledge, was not made in contravention, but in pursuance, of the express power given. The sale, so made, would undoubtedly pass a good title to the purchaser. In making it, the defendant did nothing which he was not expressly authorized to do. That being so, such sale could not amount to an unlawful conversion, and trover would not lie. Dufresne v. Hutchinson, 3 Taunt. 117; Sarjeant v. Bhent, 16 Johns. 74; Cairns v. Bleeker, 12 Johns. 300; Canfield v. Munger, Id. 347; Bromly v. Coxwell, 2 Bos. & Pull. 438; Palmer v. Jarmain, 2 Mees. & Welsb. 282; Stierneld v. Holden, 4 Barnw. & Cres. 5; Sturges v. Keith, 57 Ill. 451.

It was necessary in order to maintain trover, that the act done should be so far unauthorized as to terminate the bailment. Harvey v. Epps, 12 Gratt. 153.

But if it be conceded that the sale of the pledge amounted to an unlawful conversion, still the judgment below was not right. The amount which plaintiff owed the defendant, and for which the pledge was given and held, exceeded the amount of the commercial paper which constituted such pledge. That circumstance should have been taken into consideration, in determining the amount of damage, and if the sum so owing

the defendant by the plaintiff, was equal to the value of such paper, then the plaintiff was entitled to only nominal damages, if the sale of the pledge had been unauthorized.    That point was expressly decided in Johnson v. Stear, 109 Eng. C. L. 330.

For the reason given, the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.