# Siemens-Lungren Gas Illuminating Company
## v.
## Louis G. Francis.

*Sales—Order for Goods to be Manufactured—Rescission—Action to Recover Price—Trial by Court—Practice.*

In an action to recover the price of certain regulators for gas lamps, manufactured and delivered after the order for them was countermanded, the trial below having been by the court, it is *he'd:* That, if the contention of the defendant that a continuation of the test upon which the order and warrant were based resulted in failure, is well founded, the defendant was justified in rescinding the order; and that, in the absence of a finding of facts contrary to such contention and in favor of plaintiff, the court erred in refusing to hold a proposition of law based upon the hypothesis of the defendant.

[Opinion filed September 19, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

This is an appeal from a judgment rendered against appellant and in favor of appellee, for certain regulators alleged to have been manufactured by appellee for appellant. The evidence shows that appellee brought to appellant's place of business a regulator, and that a test was made of such regulator upon a gas lamp by appellee and one Wolf who was president of the appellant company.

The test lasted till about eleven o'clock at night, and the regulator appeared to work satisfactorily. Before leaving his office on the evening of the test the president of the company gave the following order to appellee:

FEBRUARY 29, 1886.

L. G. FRANCIS, ESQ.

*Dear Sir:* " Please make me one hundred of your improved pipe regulators for our gas lamps, and deliver to us as soon as possible. If you find you can afford them at $3.56 each after making this one hundred, well and good. If not, I will pay you $3.75 each for the first one hundred cash, as soon as done and ready to deliver.

" THE SIEMENS-LUNGREN GAS ILLUMINATING CO.
" JOSEPH WOLF, Pres't."

Concurrently with the delivery of the foregoing order, and as a part of the transaction, appellee executed and delivered the following:

CHICAGO, February 26, 1886.

" This is to certify that in selling Messrs. Siemens-Lungren Gas Illuminating Company my pipe gas regulators I warrant them all well made in every particular, and to work in every way as perfect as the one the trial test was made with when the order for one hundred machines was given. It will ho'd a uniform pressure to the burner at all times. In all the regulators sold by the hundreds, I have never had one fail to work in satisfactory manner, and I warrant these to work the same. "L. G. FRANCIS."

Siemens-Lungren Gas Illuminating Co. v. Francis.

Appellant introduced evidence tending to show that after the order was given the test of the regulator was continued all night, by an employe of appellant, and by appellee, and when Wolf came down in the morning he found that the regulator had failed, and would not do the work, and he thereupon sent for appellee and told him, in substance, that the regulator would not work, and that they would not bother with it, and that he wanted the order back, as they would have nothing more to do with the governor. Appellee introduced evidence tending to show that the order was not given on the occasion when the regulator failed, but was given on the occasion of a subsequent test, after he had improved the regulator, and when it worked perfectly.

Appellee made a hundred regulators and delivered them at appellant's place of business and brought this suit to recover the price thereof. The case was submitted to the court and the finding was in favor of appellee. On the trial the appellant submitted to the judge to be held, among others, the two following propositions of law, which the court refused :

"Proposition No. 3. That if it appears from the evidence that the trial test mentioned in the contract of warranty was made on the evening of February 26, 1886, at eleven o'clock P. M. of said day, the test made was satisfactory, and upon such satisfactory test the order for one hundred governors was given, and it shall further appear that the lamp with governor continued burning all night and in the morning it was found that the lamp and room were filled with smoke because of the defective action of the governor, that then, if the defendant had reason to believe and did believe the said governors would not do satisfactory work, it had the right to rescind the contract and to notify the plaintiff of such rescision.

"Proposition No. 4. That, if it shall appear that the state of facts as contemplated in instruction No. 3 existed and that on the morning of the 27th of February, 1886, the defendant did notify the plaintiff that the governors in question were valueless, or would not do satisfactory work, and the plaintiff in spite of such notification persisted in manufacturing said

governors and tendering the same to the defendant, that then the defendant had the right to reject the same."

Messrs. PAYNE & PORTER, for appellant.

The order was rescinded by appellant the day after it was given, and before anything had been done by appellee toward manufacturing the goods.

We contend that the rights of the parties were fixed and determined at the time of that rescission, and that nothing done subsequently by either party could affect those rights. In other words, Francis has the right to hold appellant liable for damages sustained up to the time of the rescission, in an action for breach of the contract, but he had not the right to go ahead and manufacture the regulators, and then recover the price fixed by the rescinded contract, as was done in this case.    Hosmer v. Wilson, 7 Mich. 294; Collins v. Delaport, 115 Mass. 159.

It was the duty of the appellee, after the rescission of the contract by appellant, to save the latter from all further damages, so far as it was in his power.    Dillon v. Anderson, 43 N. Y. 231; Danforth v. Walker, 40 Vt. 237.

Messrs. WILBER, ELDRIDGE & CLARK, and JOHN W. SMITH, for appellee.

MORAN, P. J.    Upon the hypothesis contained in the two propositions set out in the statement of facts, it is very clear that appellant would have the right to reject the regulators. Hosmer v. Wilson, 7 Mich. 294; Danforth v. Walker, 37 Vt. 239.

There was a conflict of evidence as to the facts on which the hypothesis contained in the propositions was based, and if the judge was convinced that the appellee was right on this issue of facts, he could have so found and modified the propositions, or have held the law of the propositions and denied the assumed facts.    The effect of refusing the propositions is to find the facts as stated in them, but to deny the conclusion of law announced.

The court erred in refusing the 4th proposition, as con-

nected by reference to the 3d, and while, if the judgment rested on a finding of facts in favor of appellee, we might not be disposed to interfere, for the error in law in refusing to hold said proposition, we must reverse the judgment and remand the case.

*Reversed and remanded.*