## WALTER E. HARRIS
### v.
## SARAH E. THOMAS.

*Pledge—Replevin—Trover—Sale.*

1. Trover can not be maintained for an article sold under a contract of pledge.
2. Where an article is sold under the terms of such contract there is no conversion, and the pledgor can recover only the excess obtained over the sum loaned and interest thereon.

[Opinion filed January 16, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. JOHN LYLE KING, for appellant.

Mr. JOHN C. KING, for appellee.

MORAN, P. J. This was originally an action of replevin, and was commenced before a justice court, where, the property not having been found on the writ, the justice gave a judgment for the conversion thereof as in trover. The case

was appealed to the Superior Court, and was there tried by the judge without the intervention of a jury, and a similar judgment rendered.

The evidence tended to show that the property in question, consisting of a diamond pin and earrings, had been delivered by appellee to a person who was authorized to pledge them for a loan of money; that said person did pledge the property to one Bullen under the following contract:

"CHICAGO, Nov. 18, 1886.

I have this day deposited with R. Bullen the following property, viz.: Three stone diamond S. pin, earrings, on which he has advanced to me the sum of $27.50 (dollars), which I agree to pay by the 16th day of December, 1886. If said money is not paid on said last mentioned date, I hereby authorize and empower R. Bullen to sell said property, at public or private sale, without notice or demand of payment, at any time thereafter, for such price as he may deem best. In case of such sale I hereby release and absolve said R. Bullen from all claims and demands of every name and nature.

(Signed)      J. H. HORTON,

Residence, Ogden House."

There was also evidence tending to show that appellant was a clerk or employe of Bullen, in charge of said Bullen's business, and after the time for the payment of the loan had long elapsed, appellant, acting for Bullen and under his direction sold the property described in the contract of pledge for about $10 more than the money loaned upon it. There was no dispute as to the fact of the pledge, or the contract under which it was made. There was contention upon other facts, as upon the question whether there was an agreement to extend the time of payment. The court was asked to hold, among others, the following proposition of law, which he refused to hold:

"By the terms of the contract, or ticket, after default in payment on the pledge, the pledgee, Bullen, was authorized to sell the pledge to reimburse himself for the loan and interest, without notice of time or place of sale to the plaintiff. And if Bullen or his agent did in fact sell the property with-

out notice to the plaintiff, and such sale was made in good faith and fairly, plaintiff can not recover."

The refusal of said proposition was in effect to find the facts as therein supposed, but to deny the law as stated. Sumans-Lengren Gas Illuminating Co. v. Francis, 27 Ill. App. 303.

We think the proposition was sound and should have. been held.

If the sale was made under the contract of pledge, trover could not be maintained against appellant or Bullen. Cole v. Dalziel, 13 Ill. App. 23.

The debt secured by the pledge was payable at a fixed time by the terms of the contract of pledge, therefore no demand of payment was necessary, and the contract expressly authorized a sale without notice.

A sale of the pledge was clearly proved, and if rightfully made, under the authority in the contract, there was no conversion of the property, and all that appellee would be entitled to recover, would be what the property brought on the sale in excess of the amount loaned on it and interest thereon.

The refusal to hold the law as stated in the proposition was error, for which the judgment must be reversed and the case remanded.

*Reversed and remanded.*