### J. HOLMES BAKER, ADMR., v. JEFF D. BURKETT.

1. CHANCERY COURT. *Pledgor of chose in action. Right to proceed in equity.*
   The pledgor of a promissory note held as collateral security by one to whom he is indebted, has such equitable interest in the note as will entitle him to proceed in equity against the maker, and pledgee, as codefendants, for its collection and application of the proceeds to his debt.

2. SAME. *Venue of proceeding. Pledgee a necessary party. Code* 1892, § 510.
   Under § 510, code 1892, providing that "all cases not otherwise provided for may be brought in the chancery court of any county where the defendant or any necessary party may reside or be found," the chancery court of the county in which the pledgee of a promissory note resides has jurisdiction of a bill in equity against him and the administrator of the maker, brought by the pledgor, on the refusal of the pledgee to bring suit on the note, although the administrator may reside, and the maker's estate be in process of administration, in another county, the pledgee having the legal title, and being a necessary party to the proceeding.

FROM the chancery court of Lincoln county.

HON. H. C. CONN, Chancellor.

The bill of complaint filed by the appellee against J. Holmes Baker, administrator, a resident of Sunflower county, and Louis Cohn & Bros., residents of Lincoln county, alleged that on May 23, 1895, A. L. Cannon executed and delivered to com-

plainant his promissory note for the sum of $525.75, with interest, etc., payable on or before November 1, 1895; that Cannon afterwards died intestate in the county of Sunflower, and the appellant, Baker, was, by the chancery court of that county, appointed administrator of his estate; that said note had been duly probated and payment thereof demanded of the administrator, as it also had been of Cannon in his lifetime, but that the same remained wholly unpaid; that on January 5, 1897, complainant was largely indebted to Louis Cohn & Bros., and still owed them more than the principal and interest due upon the note, and that, being so indebted, on the day last aforesaid, he assigned said note to said Louis Cohn & Bros. as collateral security for what he owed them, and that said note was held by them as the legal owners of the same; that Louis Cohn & Bros. had refused to bring suit upon the same, and that he, the complainant, had an equitable interest in the note and was entitled to relief in equity. The bill concluded with a prayer for a personal decree against Baker, administrator, for the amount due on the note, in favor of the complainant, subject to the rights of the defendants, Louis Cohn & Bros., who, it is prayed, may be directed to credit on complainant's account such sum as they may receive under the decree.

The defendants, Louis Cohn & Bros., answered, admitting the averments of the bill, and the appellant demurred thereto, assigning as causes of demurrer the following: (1) The suit was brought in a court other than that in which Cannon's estate was being administered; (2) Louis Cohn & Bros. were improperly joined as defendants; (3) the complainant was shown to have no interest, legal or equitable, in the note mentioned; (4) want of equity on the face of the bill, and a remedy at law, full, adequate and complete. From a decree overruling the demurrer this appeal was prosecuted.

*Baker & Moody*, for the appellant.

The chancery court of Lincoln county was without jurisdic-

tion in this case, the demand in suit being one against an estate in process of administration in Sunflower county, where the administrator resided. Section 1834, code 1880, which is substantially the same as § 502, code 1892, has been several times construed by this court, and while that portion of it which authorizes claims to be established against estates of decedents in courts of chancery has been attacked as being unconstitutional, it has been upheld on the sole ground that the hearing and determining of such a claim by the court which was administering the estate falls within that clause of the constitution which gives the chancery court full jurisdiction '' in all matters testamentary and of administration.'' This jurisdiction, however, is limited to the court which is administering the estate against which the claim or demand is sought to be established, and no others. *Hunt* v. *Potter,* 58 Miss., 96; *Smith* v. *Newlon,* 62 *Ib.,* 236; *Eyrich* v. *Bank,* 67 *Ib.,* 68.

While all of these cases were construing the statute which was enacted under the old constitution, we submit that the present constitution does not enlarge the jurisdiction of chancery courts in matters of this nature. If, then, it be true that no chancery court, other than the one administering the estate, can pass upon or determine claims against the same by virtue of said statute, it follows that, to authorize a suit in any other chancery court, the facts must be such as are peculiarly cognizable in a court of equity. Those shown by the bill of complaint are not of this nature.

The debt of the complainant to Louis Cohn & Bros. being largely in excess of the amount due on the collateral note, the complainant had no interest in the note that could be injuriously affected by the failure of that firm to sue upon it. There is no allegation in the bill from which any detriment to complainant could result were he denied relief in equity. It is not alleged that he had any right that was about to be lost, destroyed or prejudiced through the fraud, accident or mistake of any party defendant, solvent or insolvent.

.*R. H. Thompson*, for appellee.

1. The appellee, Burkett, has an equitable right to have the note sued upon paid. His right is not legal, for he has parted with the legal title to the chose in action. When Louis Cohn & Bros. refused to proceed, Burkett at once became entitled to enforce payment of the collateral. Colebrooke on Collateral Securities, sec. 85.

2. Louis Cohn & Bros. have the legal title to the instrument sued on, and they are necessary parties and reside in Lincoln county, and, since Burkett has an equitable right, he may bring his suit in the chancery court of that county under § 510, code 1892.

STOCKDALE, J., delivered the opinion of the court.

The appellee has still an equitable interest in the note which was transferred to Louis Cohn & Bros. *Wheeler* v. *Newbould*, 16 N. Y., 392; *Joliet Iron & Steel Co.* v. *Scioto Fire Brick Co.*, 82 Ill., 548; *Jenness* v. *Bean*, 10 N. H., 266.

The pledgee, or holder of a note as collateral security, is not liable for impairment or loss of the pledge, and cannot be required to credit the amount on his debt, unless he acts in bad faith or with faulty discretion. *Wells* v. *Wells*, 53 Vt., 1. The pledgee is bound to exercise ordinary diligence only. He will not be liable for the loss of the collateral unless negligence can be proved on him. *Lamberton* v. *Windom*, 12 Minn., 232.

The pledgee can use his own discretion as to whether he will sue on the collateral, and before he can be made liable for the pledge, it must be shown that he used faulty discretion, or was wilfully negligent. The pledgee has the right to determine for himself as to the occasion and mode of enforcing payment of the collateral securities so long as he acts in good faith and in the exercise of a reasonable judgment and discretion, in view of the rights and interest of the pledgor. And if the owner of the collateral be dissatisfied, because the pledgee does not proceed to collect the same, the owner himself may do so, giving

proper indemnity. Colebrooke on Collateral Securities, p. 116, *et seq.* We see no reason why complainant should be denied the right to collect his credits and pay his debts. The contention that he has only a remedy at law, unless he goes to the county where the administration is, is not tenable. This is an original equity proceeding to enforce an equitable right.

Complainant in the case at bar having an equitable interest in the pledge, and the holder having refused to sue upon it, he has the right to have the note collected and placed as a credit on his debt to Cohn & Bros. The bill alleges that he cannot pay the debt now, and, therefore, wants the pledged note collected and placed to his credit. It would be a hardship on him to require him to delay collection and risk the possible insolvency of Cohn & Bros., and the possible waste of the estate of Cannon, the maker of the note pledged, and to be compelled to enter into an expensive and vexatious suit to determine whether Cohn & Bros. were guilty of negligence in case of the loss of the pledged note by delay. In short, he has the right to have his business settled up, and his debts paid, by application of his assets to their payment. We think the complainant, under the facts set up in his bill and admitted by the demurrer, is entitled to proceed to collect his debt against the appellant, and we cannot see how anyone can be harmed by it.

*The judgment of the court below is affirmed, with leave to defendant to answer within sixty days from the filing of the mandate of this court in the court below.*