THOMAS GILLERAN, Respondent, *v.* ALBERT S. OWENS, Appellant, Impleaded with THOMAS E. COLBY and Others, Defendants.

First Department, July 11, 1918.

Pledge — transfer of certificates of cemetery association as collateral security for payment of note — effect of payment of note by cemetery association from moneys due pledgor upon certificates — rights of pledgee — suit by pledgor to enforce security — equitable relief — pleading — complaint.

Where the owner of certificates of indebtedness issued by a cemetery association pledged them as collateral security for the payment of a note prior to the commencement of any action against the association to recover moneys due upon said certificates, consisting of a proportionate interest in the gross receipts for lots sold, the pledgee, in the face of what promises to be a stubborn contest, cannot be required to collect the sums due on the certificates.

The owner of said certificates is the equitable assignee of a proportionate part of the gross proceeds of the sale of lots.

Where it appears that a note for which certificates of indebtedness of a cemetery association have been pledged as collateral security has been paid by said association from funds applicable to the payment of the certificates owned by the pledgor the pledgee has no further interest in the note and can be compelled to surrender the same, and furthermore he has no interest in the certificates to proceed in the prosecution of an action against the association.

A pledgor may bring suit to enforce a security pledged if the pledgee refuses to sue and have the amount credited upon the debt for which the security is pledged.

An owner of certificates in a cemetery association which he has pledged as collateral security for a note which is claimed to have been paid by the association from moneys due to the owner of the certificates is entitled to equitable relief as against the cemetery association.

Complaint in such a case examined, and *held*, to state a cause of action.

APPEAL by the defendant, Albert S. Owens, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of February, 1918, denying his motion for judgment on the pleadings, consisting of an amended complaint and the demurrer thereto.

*Harold S. Deming* of counsel [*Daniel Day Walton, William O. Hubbard* and *Lemuel Bannister* with him on the brief; *Haight, Sandford & Smith,* attorneys], for the appellant.

*Roger Foster,* for the respondent.

SMITH, J.:

The complaint is *first* attacked upon the ground of insufficiency, and *secondly,* that causes of action have been improperly united. The plaintiff was the owner of certain certificates of indebtedness issued by the defendant cemetery association. These aggregate about $460,000. These certificates give to the various certificate holders a proportionate interest in one-half of the gross receipts for lots sold in the cemetery and provide for its distribution by the association. The said $460,000 of certificates, represented by plaintiff's certificates, constitute a part only of an outstanding issue of $3,200,000, represented by certificates similarly issued. These certificates were originally issued in 1910. After the issuance of said certificates one Thomas E. Colby, who was the president of said association, loaned to the plaintiff large amounts of money and took the plaintiff's notes therefor, and held these certificates as collateral to those notes. hereafter Colby demanded his money of the plaintiff and gave notice of the sale of the said certificates on the non-payment of the note. Upon the sale the certificates were bought in by the plaintiff, who procured the money to pay therefor from the trustees of the Yellow Pine Company in dissolution.

He thereupon gave to the trustees of the Yellow Pine Company a note for the sum of about $25,000, due four months from date, and transferred these certificates as security for that note. By agreement between the plaintiff and the trustees of the Yellow Pine Company, however, these certificates were taken in the name of one Norton, who held them for the Yellow Pine Company as pledgee, as well as for the plaintiff as pledgor. Norton brought an action against the cemetery association to recover moneys claimed to be due on the certificates. While that action was pending and before trial one Albert Owens, the defendant, purchased the notes of the Yellow Pine Company, which carried with it the pledgee's title to the securities. Upon the transfer of the securities to Norton, with the plaintiff's consent, the original certificates were surrendered and a new certificate was issued to Norton for a like amount, and upon the purchase of the note by Owens the Norton certificate of indebtedness was surrendered and a new certificate issued by the cemetery association to Owens. Owens thereafter commenced an action in Oneida county upon the note, which had become due. He was substituted for Norton in the action against the cemetery association. He made application to discontinue that action against the cemetery association. That has not been discontinued, however, by reason of the inability to adjust the attorneys' fees in that action. Plaintiff made application to intervene in the Norton action against the cemetery association. That application was denied. Thereupon plaintiff has brought this action in equity alleging these facts and also alleging that Owens was in fact a dummy for Colby, and that the trustees of the Yellow Pine Company, Colby and Owens, and the cemetery association, all conspired to pass this note to Owens as such dummy, and to divest the plaintiff of his interest in the certificates of indebtedness of the cemetery association. It is also alleged that this note was paid to the trustees of the Yellow Pine Company from the funds of the cemetery association, and that such funds were those which should have been paid to this plaintiff, and were due and owing by said cemetery association to plaintiff as the true owner of the said certificate of indebtedness. Relief is then asked for as follows:

*First.* That the rights and equities of the parties be declared.

*Second.* That Owens be enjoined from discontinuing the action brought by Norton against the cemetery association.

*Third.* That the note be decreed paid and ordered surrendered to this plaintiff.

*Fourth.* That the certificates of indebtedness of the cemetery association, after crediting the amount due on said note, be delivered over to the plaintiff.

*Fifth.* That the transfer or surrender by said Norton to Owens and by Owens to the cemetery association of said certificate be declared fraudulent and be canceled.

*Sixth.* That if upon the trial of the action against the cemetery association by Norton, it should appear that the due protection of plaintiff's rights requires the continuance of the action, that such action be deemed continued, with plaintiff as a party.

*Seventh.* That an injunction issue, restraining the defendant Owens from further prosecuting the action upon the note.

*Eighth.* For general relief.

In this action a temporary injunction was obtained which enjoined Owens from prosecuting the action upon the note and also enjoined Owens from discontinuing the Norton action. Upon appeal to this court that injunction order was reversed, this court holding that if this note had been paid by the funds of the cemetery association properly belonging to the plaintiff, that defense could be asserted in defense to the note and should properly be there asserted, and further, that this plaintiff could not insist upon Owens continuing the action against the cemetery association as long as no rights of the plaintiff were forfeited by his discontinuance of the same. (182 App. Div. 580.) It is urged here that Owens, as a holder of these collaterals, owed a duty to this plaintiff as the pledgor to collect these certificates by action, but no facts are alleged which impose any such duty whatever upon the pledgee of these certificates. Moneys were due upon these certificates, presumably before the transfer by Gilleran to the trustees of the Yellow Pine Company and Gilleran had brought no action to collect upon the certificates. The pledgee of the certificates in the face of what promises to be a stubborn contest cannot be required to collect these certificates when

given as collateral to a four months' note. Nor after having commenced an action are they bound to continue the same under any facts appearing in this complaint or upon this record at large expense to themselves.

It does not necessarily follow, however, because this temporary injunction was vacated that we must hold that the complaint does not state facts sufficient to constitute a cause of action. This plaintiff is the equitable assignee of a proportionate part of the gross proceeds of the sale of lots. Upon the allegations of the complaint this note has been paid by the cemetery association, the debtor in the certificates, which are held as collateral, from funds applicable to the payment of the plaintiff's certificate. If so, the pledgee has no further interest in the note and can be compelled to surrender the same, and furthermore, has no interest in the certificates to proceed in the prosecution of the action against the cemetery association. The defendants' question, however, the statement that this complaint shows payment by the cemetery association from funds due to the plaintiff upon the certificates. It is claimed that this is simply an allegation of a conclusion of law. I think not, because of plaintiff's ownership of a part of this fund. The complaint shows receipt by the association of over $400,000 from the sale of lots. If so, the complaint shows that the cemetery association has collected moneys applicable to the payment of these certificates, and that Owens, the pledgee of the certificates, has entered into a conspiracy to deprive the plaintiff of the benefit thereof. Relief is asked that it be determined what amount of moneys has been collected by the cemetery association applicable to these certificates, and that such sums be paid to the plaintiff after deducting therefrom the amount necessary to pay this note. Authority is not wanting for the proposition that a pledgor may bring suit to enforce a security pledged, if the pledgee refuses to sue and have the amount credited upon the debt for which the security is pledged. (31 Cyc. 843.) In *Baker* v. *Burkett* (75 Miss. 89; 21 So. Rep. 970) it is held: " A pledgor of a note retains an equitable interest therein.

" Complainant deposited a note as collateral for a debt, and the pledgee on its becoming due, refused to sue on

the same. *Held*, that a bill would lie by the pledgor to have the note collected, and the amount credited on his debt." *

In the opinion it is stated: " The pledgee can use his own discretion as to whether he will sue on the collateral, and, before he can be made liable for the pledge, it must be shown that he used faulty discretion or was wilfully negligent. The pledgee has the right to determine for himself as to the occasion and mode of enforcing payment of the collateral securities so long as he acts in good faith, and in the exercise of a reasonable judgment and discretion, in view of the rights and interest of the pledgor. And if the owner of the collateral be dissatisfied because the pledgee does not proceed to collect the same, the owner himself may do so, giving proper indemnity. Colebrooke on Collateral Securities, p. 116, et seq."

In either aspect of the case, therefore, plaintiff, upon the allegations of the complaint would seem to be entitled to equitable relief. If the note has been paid, he is entitled to the return of the certificate, but the return of the certificate is not enough, because that certificate is in the name of Owens and to fully protect the plaintiff it must be decreed that the cemetery association issue to him a new certificate, or that Owens assign to him the existing certificate. If the note has not been paid, plaintiff is still entitled to equitable relief as against the cemetery association to determine the amount of his interest in the proceeds of sales and for payment of the same (*Tyndall* v. *Pinelawn Cemetery,* 198 N. Y. 217), subject to the rights of the holder of the note, whether it be Owens, or whether it be the cemetery association.

I am unable to find any causes of action misjoined. It seems to me that there is only one cause of action, to wit, for the reduction of this collateral and its application to this indebtedness. It is probably true that the trustees of the Yellow Pine Company are not necessary parties hereto, but they have not appealed from the judgment and apparently have not demurred.

The order should, therefore, be affirmed, with ten dollars costs and disbursements, with leave to the defendant to

* Taken from head note in Southern Reporter.— [REP.

withdraw the demurrer and to answer on payment of costs in this court and at the Special Term.

CLARKE, P. J., LAUGHLIN, PAGE and SHEARN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements, with leave to defendant to withdraw demurrer and to answer on payment of costs in this court and at Special Term.

