MALEY *v.* WUNDERLICH *et al.*

(Division A. March 6, 1933. Suggestion of Error Overruled April 17, 1933.)

[146 So. 438. No. 29691.]

416

Franklin, Easterling & Rosenthal, of Jackson, for appellant.

418

**A. K. Foot**, of Canton, for appellees, T. L. Shannon & Bro., Inc.

420

W. H. and R. H. Powell, of Canton, for appellees, Wunderlich and Tigrett.

422

Argued orally by **Simon Rosenthal**, for appellant, and by **A. K. Foot**, for appellee.

**Cook, J.**, delivered the opinion of the court.

The complainant, appellant here, instituted this suit by way of an attachment in chancery against Alvin Wunderlich, T. L. Shannon & Bro., Inc., and A. K. Tigrett, agent and trustee, all nonresidents of this state; the suit having been originally instituted in the chancery court of Holmes county. Separate demurrers were filed by each of the defendants, and were sustained. Leave was granted to the appellant to amend his bill, and, by consent, the cause was transferred to the chancery court

of Madison county. There the appellant filed an amended bill to which separate general and special demurrers were filed and again sustained; and, from the decree sustaining these demurrers, this appeal was prosecuted.

The averments of the bill of complaint and the facts upon, which they were based, as they appear therein and in the exhibits thereto, are substantially as follows: On and prior to August 16, 1928, C. E. Maley, a resident of Hinds county, Mississippi, was the owner of a large tract of timber lands in Madison, Holmes, Attala, and Yazoo counties, Mississippi. Prior to that date, he sold to the appellee Alvin Wunderlich, for a cash consideration, the small timber growing on these lands. After this sale, and on December 1, 1927, the appellant conveyed to A. K. Tigrett, trustee, all of said land and the unsold timber thereon, for the purpose of securing a bond issue of sixty thousand dollars. On August 16, 1928, the appellant conveyed all the timber on said land to the appellee Wunderlich in consideration of the assumption by him of said bond issue in the sum of sixty thousand dollars, and the further sum of sixty thousand dollars, evidenced by four promissory notes of even date with the said deed of conveyance—one for twenty thousand dollars, due six months after date; one for ten thousand dollars, due twelve months after date; one for twenty thousand dollars, due eighteen months after date; and one for ten thousand dollars, due twenty-four months after date. Under the terms of this deed, the grantee was given twenty years within which to cut and remove the timber, and a vendor's lien was retained to secure the payment of said purchase-money notes.

The appellee Wunderlich arranged to sell all the timber on said land to T. L. Shannon & Bro., Inc., and, in order to secure title and the right to cut and remove said timber, free of the lien in favor of the bondholders, and the vendor's lien in favor of appellant, it became neces-

sary to make satisfactory arrangements with the lien-holders, which was done by the execution of a contract between appellant and all of the appellees; and this contract which was made Exhibit B to the bill of complaint, provides substantially as follows:

This contract sets forth, in a preamble thereto, a detailed statement of the prior dealings of the parties with these lands and timber, and the purposes desired to be accomplished, and provided that appellee Tigrett, trustee, with full and specific authority so to do, and the appellant, approved, ratified, adopted, and confirmed the contract for the sale of such timber to appellee Shannon & Bro., Inc., by appellee Wunderlich; that, in consideration of such ratification and agreement by the said A. K. Tigrett, trustee, Shannon & Bro. should pay to said trustee seven thousand eight hundred dollars to retire bonds, and interest then due, and should deposit with said trustee five thousand dollars to be held as security for the faithful performance of the obligations assumed by Shannon & Bro. under the contract, and to be applied to discharge the remaining bonds when the entire issue had been reduced to that sum. It was further provided therein that, as an accounting was had every two weeks upon the scale of logs cut and removed from said lands, the said Shannon & Bro. should, out of any amount thus determined to be due, deduct and pay to A. K. Tigrett, trustee, six dollars per thousand feet so cut and removed, to be applied in discharge of said bonds and interest until they had been reduced to five thousand dollars, when said six dollars per thousand feet should thereafter be retained by Shannon & Bro. until the five thousand dollars first advanced as security, and to be applied on said bonds, had been in that manner repaid. It was further provided that, after the payment to A. K. Tigrett, trustee, of said sum of six dollars per thousand feet at said bimonthly settlements, the balance

due at each of said settlements should be retained by Shannon & Bro. and credited against the amount advanced by it at the time of the execution of the contract for the retirement of bonds, and for a twenty thousand dollar payment then made to the appellant, Maley.

For the benefit of the appellant, Maley, it was provided in said contract that Shannon & Bro. should pay to him twenty thousand dollars to be applied on the first deferred purchase-money note then past due by the appellee Wunderlich, under the timber deed of August 16, 1928; that when the surplus or balance due at each bimonthly settlement after paying six dollars per thousand feet for timber cut and removed, to Tigrett, trustee, for the bondholders, had fully discharged the thirty-two thousand eight hundred dollars advanced and paid by Shannon & Bro. at the inception of the contract, then this surplus or balance should be paid to A. K. Tigrett, as agent for appellant, Maley, to be retained by the said A. K. Tigrett, trustee, and from time to time paid to the said Maley as a credit on the deferred purchase-money notes due by the said Alvin Wunderlich to Maley under the timber deed of August 16, 1928; that, when the payments to A. K. Tigrett, trustee, of said six dollars per thousand feet had ceased, then the entire sum due upon each bimonthly settlement for timber cut and removed, should be paid to Tigrett, as agent for Maley, to be from time to time paid to Maley to be credited on said deferred purchase-money notes until all of said notes and interest thereon were fully paid; and that thereafter all of said payments should be made direct to Alvin Wunderlich under the terms of the contract between him and Shannon & Bro.

It was further provided that the appellant, Maley, did thereby constitute and appoint the said A. K. Tigrett as his agent, to receive and receipt for all moneys so paid for his benefit; that such payments to Tigrett, as agent,

should be a full and absolute acquittance to the said Shannon & Bro. and Alvin Wunderlich for all sums so paid for the benefit of Maley; and that all of the notes of the said Wunderlich should be delivered to the said Tigrett as agent for Maley, to be held by said agent for the application of credits on the payment thereof, and for cancellation and delivery upon the full payment of the principal and interest in the manner provided by said contract, such delivery to be made contemporaneously with the execution of the contract. Other provisions of the contract touching the rights, duties, and obligations of Wunderlich and Shannon & Bro. do not appear to be material to the issues presented.

The bill of complaint alleged that subsequent to the execution of said contract, Exhibit B (but practically contemporaneous therewith as shown by the exhibits), by agreement, the maturities of the notes mentioned in the contract and timber deed were changed, and new notes antedated as of August 16, 1928, were executed; that all of said new notes had been paid except one for twenty thousand dollars, payable to appellant, Maley, on November 6, 1929, with six per cent. interest, and ten per cent. attorney's fees if not paid at maturity, and placed in the hand of attorneys for collection; that the original notes mentioned in the said timber deed, Exhibit A to the bill of complainant, were surrendered to the said Alvin Wunderlich; that the unpaid note, Exhibit C to the bill of complaint, is secured by a vendor's lien on said timber, and stands in the place and stead of the note for which it was exchanged; and that the contract noted and referred to in said note is the contract filed as Exhibit B to the bill of complaint. The note, Exhibit C, contains on the face thereof the following recitation: "As security for this note, reference is made to contract signed November 6, 1928 by Maley, Shannon, Tigrett and myself," and the note is signed "Alvin Wunderlich."

The bill further charges that the said note of twenty thousand dollars, due November 6, 1929, is now past due and unpaid, and has been placed in the hands of attorneys for collection; that, by reason of the failure of the appellee Wunderlich to pay said note, the appellant is entitled in equity to have the vendor's lien reserved in the said timber deed enforced to satisfy his said note, including interest and attorney's fees thereon, and costs, and prayed as to the said Wunderlich that he be attached by his estate and the indebtedness due him by appellee T. L. Shannon & Bro., Inc.; that said indebtedness be garnished and impounded under sections 173 and 174, Code 1930; and that on final hearing the appellant be awarded a decree against said Wunderlich for the principal of said twenty thousand dollar note, together with interest and attorney's fees, as provided therein, and that the vendor's lien reserved in said timber deed be enforced and all the interest of said Wunderlich in said timber be condemned to be sold, as provided by law, to satisfy said decree, subject, however, to the prior lien, if any, under the deed of trust securing the bond issue of December 1, 1927, and any prior rights which may have accrued under the contract, Exhibit B, in favor of appellee Shannon & Bro., Inc.

As to T. L. Shannon & Bro., Inc., the bill charges, among other things, that the appellant was advised that, under the contract between it and Wunderlich, the said Shannon & Bro. was required to do and perform certain things, among which was the proper cutting of the timber within a reasonable time, and, upon information and belief, averred that it had failed to comply with the said contract, and had therefore failed to comply with the terms of the contract filed as Exhibit B to the bill of complaint, and called upon the said defendant to produce and file with its answer a copy of said contract. It was further charged that Shannon & Bro., Inc., was indebted

to the said Alvin Wunderlich, or had in its possession property or effects belonging to him, and prayed that it be required to disclose by its answer the amount and character of its indebtedness to Wunderlich, and whether it had in its possession any of his property or effects; that any such indebtedness be condemned and applied to the satisfaction of the indebtedness of Wunderlich to appellant; and that if, after discovery of the contract between it and Wunderlich, the court should find that said Shannon & Bro. had breached the terms of its contract, such decrees should be entered against it as the court found proper in the premises.

As to A. K. Tigrett, agent and trustee of appellant, the bill charged that under the terms of the contract, Exhibit B, there had been paid to said agent two thousand five hundred dollars for credit on the note sued on, which the said agent had failed and refused to apply, or pay over to the appellant; that said withholding and refusal to pay was in pursuance of a conspiracy of the said agent and Wunderlich; that the said Tigrett, trustee, was insolvent, and had willfully failed to carry out and perform the duties of such trustee and agent. As to the said Tigrett, the prayer of the bill is that he be required to deliver to appellant the note sued on, and pay to him the said sum of two thousand five hundred dollars, wrongfully withheld, with interest, and that for his breach of trust he be removed and discharged, and a new trustee appointed, if found to be necessary and proper.

We will not set forth the thirty-four grounds of the general demurrer, many of which present the same points in varying language, but will respond only to the points argued by counsel, by outlining what we conceive to be the rights of the appellee under the charges of the bill of complaint, and as controlled by and set forth in Exhibits A, B, and C thereto. Upon the main issue presented, the principal contention of appellees, as we un-

derstand it, is that, by the execution of the contract filed as Exhibit B to the bill of complaint, there was a novation of the indebtedness due by Wunderlich to Maley, whereby said indebtedness was impounded and made a single liquidated sum, payable as and when, and only when, the timber was cut by Shannon & Bro., and that "the original vendor's lien notes were surrendered and novated, and the security for the new notes was provided by contracts, Exhibits 'B' and 'C' alone, in the manner stated;" that is, as the timber is cut from the lands by Shannon & Bro.

The record clearly discloses that, by the act and agreement of appellant and appellee Wunderlich, the original notes were surrendered, but only upon the execution of new notes with different maturities. The record does not disclose the reason for the substitution of these new notes for the original notes; but, if we assume from the circumstances that this was done in consequence of the execution of the contract, Exhibit B, for the mutual benefit of the maker and payee of the notes, there is nothing in the contract itself that required the execution of new notes or that affected in any way the validity or maturities of the original notes. We agree, however, with the contention of appellees that by the contract of October 31, 1928, the vendor's lien reserved in the timber deed of August 16, 1928, was surrendered and released, and there was substituted therefor the security afforded by the said contract, Exhibit B. The main, if not the only purpose of this contract was to effect the release of the vendor's lien, and thereby enable Shannon & Bro. to manufacture, remove, and sell said timber, free of such lien, and the lien in favor of the bondholders, and substitute therefor the security of fixed payments on the outstanding indebtedness in the manner, at the times, and to the extent provided for in said contract. Therefore there now exists no vendor's lien on said timber which

the appellant is entitled to enforce. But there was nothing in this contract which affected the validity and maturities of the original notes, or that affected or limited the right of the payee and payor to substitute for said notes new notes with different maturity dates. It is fair to assume that the parties expected that these new notes would be retired by the dates of their maturity, by the application of payments provided for by the contract; and, from the charges of the bill of complaint, it appears that all of the new notes except the one which is the basis of this suit, were paid in that manner and within that time. The note remaining unpaid is a valid obligation of the maker, which was past due and unpaid at the time of the institution of this suit thereon. This being true, the appellant was entitled to proceed to enforce collection of the note, at law, if the maker had been a resident of this state and within the jurisdiction of the court; or by an attachment in chancery if a defendant subject to suit within the jurisdiction of the court, who was indebted to the maker of the note, or had in possession effects of such debtor, was joined as a defendant in such attachment, as provided by statute. The latter course was adopted; and, since the defendant Wunderlich, maker of the note, has entered his appearance in the suit, the appellant will be, in the absence of answer or defense, entitled to a personal decree against him for the amount of the note with interest and attorney's fees.

The only security now existing for the payment of the said note is that afforded by the terms of the contract of December 31, 1928, and by the express provisions of that contract, the appellant is entitled to have all money, if any, that has accrued, or will hereafter accrue under the terms of the contract, for that purpose, applied toward the discharge of the indebtedness evidenced by the said note. And, by way of attachment in chancery, the appellant is entitled to subject to the payment of said

note any indebtedness owing to the defendant Wunderlich by, or any of his effects in the possession of, a defendant in this state. Appellee Shannon & Bro., Inc., was a foreign corporation "found doing business" in this state, and within the jurisdiction of the court, with agents upon whom process was served, and it has entered its appearance in this suit. The appellant is therefore entitled to require, and the bill of complaint is sufficient to require, a full answer from such garnishee defendant as to its indebtedness to the defendant Wunderlich, in accordance with the terms and requirements of the statute, and to subject such indebtedness, if any, to the payment of the indebtedness evidenced by the notes sued on.

As to the appellee, A. K. Tigrett, agent and trustee, the bill alleges that under the terms of the contract, Exhibit B, there has been paid to him two thousand five hundred dollars for the appellant, which he (the appellant) is entitled to have credited on said note, and paid over to him; that the said agent or trustee, by collusion with the maker of the note, has refused to pay such sum to appellant; that Tigrett, trustee, is insolvent, and has willfully failed to carry out and perform the duties of said trustee, and has refused, on demand, to surrender the note sued on, and prays that said trustee be required to surrender said note to the court, and pay over to the court the said sum of two thousand five hundred dollars for the credit thereon, and that another trustee be appointed in the place and stead of the said A. K. Tigrett. The argument is made that the averment that there has been paid to the trustee, for the appellant's credit, the sum of two thousand five hundred dollars, is a mere conclusion of the pleader, for the reason that, under the contract, nothing was due for credit to appellant until the bond issue, and the thirty-two thousand eight hundred dollars advanced by Shannon & Bro. have been first paid, and that it was not alleged

that this has been done. It is true that the contract provides that the bonds shall be retired by the reservation of six dollars per thousand feet out of all amounts due by Shannon & Bro. at each bimonthly settlement for timber cut and removed, and that any surplus remaining at each such settlement shall first be applied to the discharge of the sum advanced by Shannon & Bro., and consequently that no sum would be paid to the trustee for the credit of appellant until said bonds had been retired, or until the said surplus had repaid the amount advanced by Shannon & Bro. But the averment of the bill is that the sum of two thousand five hundred dollars has been, under the terms of the contract, paid to the agent of the appellant for credit upon the note. Payment, under the terms of the contract, was expressly averred, and no payments under the contract could be made except in the manner and the amounts therein provided; and the direct averment that the said agent and trustee has in his possession the sum of two thousand five hundred dollars which was paid under the terms of the contract, and belonged to the appellant, and which he is entitled to have applied as a credit on the note, is sufficient to require an answer from the said trustee, so that on the final hearing the interest of the appellant, as well as the debtor, Wunderlich, may be protected, and the proper application of payments, if any, made.

The demurrer assigns as a ground thereof, and it is argued here, that "A. K. Tigrett, Trustee, is the proper complainant, as he is the owner of any probable cause of action and not C. E. Maley." By the terms of Exhibit B, A. K. Tigrett was appointed as the agent of appellant, for the purpose of receiving and crediting payments arising under said contract, and canceling and surrendering the notes when so paid, and the note sued on was delivered to him for that purpose only. The appellant remained the legal and equitable owner of the note and

the indebtedness evidenced thereby, and the failure or refusal of the agent to deliver the note to the principal did not defeat the right of such principal to proceed to collect the debt from the maker of the note. The said agent was made a party defendant to the bill of complaint, which prayed that he be required to produce the note and surrender it to the court, wherein the interest of all the parties may be protected. Baker v. Burkett, 75 Miss. 89, 21 So. 970. The question of whether or not the said agent has committed a breach of trust which would warrant his removal, and whether, under the conditions then existing, the appointment of another agent is necessary and proper, will be determinable by the court at the final hearing upon the answer and proof.

The appellees filed special demurrers to that portion of the bill of complaint praying for the production and discovery of the contract between the appellees Wunderlich and Shannon & Bro.; the ground of the demurrer being that, since answer under oath is waived, the right to demand a discovery was destroyed, and the jurisdiction of the court thereby defeated. The jurisdiction of the court was in no way dependent upon discovery, and the purpose of the bill is in no proper sense one for discovery. The contract in question is expressly made a part of the contract of October 31, 1928, Exhibit B, and the bill merely demands that a copy thereof be filed with the appellees' answer; and a "bill may be filed and the defendant called on to answer and to produce certain papers; but, if the bill waives answer under oath, it is a mere pleading, and when the answer is filed, unsworn to, the cause proceeds, with the burden on complainant to make out his proof as to all matters not admitted in the answer." Palmetto Fire Ins. Co. v. Allen, 141 Miss. 681, 105 So. 482, 483, 769.

We think the separate demurrers, both special and general, should have been overruled, and the several de-

fendants required to answer the bill of complaint. The decree of the court below will therefore be reversed, and the cause remanded.

Reversed and remanded.