JESSE W. BUNTYN ET AL. *v.* NATIONAL MUTUAL BUILDING AND LOAN ASSOCIATION.

1. BUILDING AND LOAN ASSOCIATION.    *Foreign.    Agent for service of process.    Laws* 1896, *ch.* 57, *p.* 71.

   The status of a foreign building and loan association as to service of process upon it, under Laws 1896, ch. 57, p. 71, requiring such associations doing business in this state through local sections, branches, lodges, or bodies, to appoint some one upon whom process against the association can be served, is its real status, as established by proof, rather than a fabricated status as embodied in writings.

2. USURY.    *Suit to recover.    Statute of limitations.    Code* 1892, § § 2348, 2739.

   An obligation to repay interest collected upon an usurious agreement (liability for which arises under Code 1892, § 2348, providing that if a greater rate of interest than ten per centum shall be stipulated for or received in any case, all interest shall be forfeited and may be recovered back, whether the contract be executed or executory) is in its nature an implied contract, and a suit thereon will be barred by limitation unless brought within three years next after the cause of action accrued, under Code 1892, § 2739, providing that actions on unwritten contracts, express or implied, shall be commenced within three years.

FROM the chancery court of Lauderdale county.

HON. STONE DEAVOURS, Chancellor.

Buntyn and others, the appellants, were complainants, and the building and loan association, the appellee, was defendant

in the court below. From a decree in defendant's favor the complainants appealed to the supreme court.

Appellants filed their bill against appellee, in which they sought the cancellation of a mortgage on real estate given to secure a loan of $700 borrowed by them from appellee, on the ground that the contract was fraudulent and usurious, alleging that they had paid the sum of $367.30 in excess of the amount really due appellee, which they sought to recover. Defendant answered the bill, denying the material allegations thereof, and pleaded the three-years' statute of limitations, under Code 1892, § 2739. On these pleadings testimony was taken, and on final hearing the court found that the contract was usurious, and that complainants, had they sued in time, would have been entitled to recover the excess paid by them over the amount actually borrowed, without interest, but that the three-years' statute of limitations applied; and the final decree rendered, therefore, limited the amount of the recovery to such excess as was paid within three years from the filing of the bill—to wit, the sum of $145.18. From that decree complainants appeal. Appellants contend that the appellee, being a foreign corporation, was not entitled to the benefit of the statute of limitations. The evidence on that point showed that appellee was domiciled in the state of New York, but had a branch business in Meridian, Lauderdale county, Mississippi, in 1891, and continuously up to the time this bill was filed; had agents there, to whom applications for loans were made, and to whom all payments on the loans were made, and who solicited applications for shares of stock; and appellee was doing a general building and loan business at that place.

*F. V. Brahan,* and *Mayes & Longstreet,* for appellants.

*A. S. Bozeman,* for appellee.

[The briefs of counsel in this case did not reach the reporter; hence a synopsis of them is not given.] ·

Argued orally by *Edward Mayes,* for appellant, and by *A. S. Bozeman,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

Just as we held in former cases of this appellee that agency must be determined not by a paper recital, but by the actual facts, so here we hold that whether the appellee had local branches, so as, with respect to the service of process, to subject it to such service under the operation of Acts 1896, p. 71, ch. 57, must be determined not by averments in the answer, but by the proofs in the case. The status of this appellee as to service of process upon it under said Acts 1896 means the real status as established by the proof, and not a fabricated status which may be set out in a pleading. We think it clear from the proof that the appellee did have such status under Acts 1896 as authorized the service of process upon it in this state. We think the three-years' statute applies. Just as in the case of *Musgrove* v. *Jackson,* 59 Miss., 390, so here, the liability, if it exists at all, arises not from any express contract, either written or verbal, but from the fact that the appellee coerced the payment of money which it had no right to exact, in which case, because of its obligation to repay such money, the law implies a contract on its part to do so. The distinction sought to be drawn between contracts implied in fact and contracts implied in law cannot be maintained under our statute (sec. 2739). All implied contracts in this state are subject to the bar of three years, as provided in Code 1892, § 2739. But whether this be true or not, this contract is certainly one implied in law, and so clearly within the bar of this statute.

*Affirmed.*