ILLINOIS CENTRAL RAILROAD COMPANY *v.* JACKSON OIL & REFINING COMPANY.

[71 South. 568.]

LIMITATION OF ACTION. *Running of statute.    Three year statute.    Open account.    Written contract.    Six year statute.*

Where a railroad company transported a car of cotton seed under a bill of lading providing for delivery to plaintiff, and some of the seed were lost in transit, although the bill of lading did not specify the amount of seed to be transported, an action for loss is one on a written contract and governed by the six year statute of limitations provided for under Code 1906, section 3097, and not by the three year statute of limitations on open account or unwritten contract provided for in section 3099, Code 1906.

APPEAL from the circuit court of Hinds county.

HON. E. L. BROEM, Special Judge.

Suit by the Jackson Oil & Refining Company against the Illinois Central Railroad Company, begun in justice of peace court and appealed to circuit court. From a judgment there for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*F. M. West* and *Mayes, Wells, May & Sanders,* for appellant.

The only question involved in this suit is; which of the two mentioned statutes applies? The three year

statute applies to *Bumtyn* v. *B. & L. Ass'n*, 86 Miss. 454; *Musgrove* v. *Jackson*, 59 Miss. 390; *Young* v. *Salley*, 83 Miss. 362; *Foote* v. *Farmer*, 71 Miss. 148.

None of the cases relied upon by appellee are applicable to the facts here. The case mainly relied upon is *Masonic, etc., Ass'n* v. *Bank* 55, So. 412. In that case the bank wrote into the depositor's pass-book the receipt by it of a certain sum of money, to wit: four hundred and twenty-five dollars. The court very properly held that the six-year statute applied, for the reason that the bank acknowledged in writing the receipt of that sum of money.

There was no such a writing here. The writing merely acknowledged the receipt of a car load of cotton seed; an indeterminate, and a undetermined, mass, or quantity. In the case of *Washington* v. *Soria*, 73 Miss. 665, it appears that a deed recited a consideration of five hundred dollars in cash, and a like payment in twelve months, and also in eighteen months afterwards.

The court again properly held the six-year statute applicable. There was a definite promise to pay a sum certain. No supplementary evidence was necessary to fix the amount. The contract was express, and not implied. The terms of the contract were definite. They were expressed in the very terms of the contract itself.

The case of *Fowlkes* v. *Lea*, 84 Miss. 509, was a similar case. The deed there recited a consideration of four hundred dollars. The contract was certainly express in its terms. Nothing supplementary was required. The court again properly applied the six-year statute.

In *Cock* v. *Abernathy*, 77 Miss. 872, the facts were that a claim, for a definite amount, was probated against an estate. The court again correctly applied the six-year statute. The terms of the claim were definite in their obligations. None of these cases are similar to the one here, and none of them are authorities against our contention. An Alabama case, that of *North Ala. Ry. Co.* v. *Wilson, etc.*, 63 So. 34, is next relied upon by appellee.

An examination of that case will show that it is no authority against the contention of appellant here.

The instant case does not come within the rule announced by this court in the recent case of *Vicksburg Waterworks Co.* v. *R. R. Co.,* 59 So. 825. In that case the Railroad Company agreed to pay six cents per one thousand gallons for water used by it. The court held that the six-year statute applied instead of the three-year one. There was an obligation to pay a certain sum of money for a certain amount of water. There was nothing indefinite about it. The contract was complete in itself. Nothing supplementary was needed to carry out the intention of the parties. The contract was expressed in writing. There was an obligation certain, and undetermined.

We respectfully submit that the learned trial judge was in error in his holding, and this case should be reversed and judgment entered here for the appellant.

*Green & Green,* for appellee.

Point 1. The six-year statute of limitations governs in this case. *Masonic Benefit Association* v. *Bank,* 55 So. 412; *Washington* v. *Soria,* 73 Miss. 665; *Fowlkes* v. *Lee,* 84 Miss. 509; *Cook* v. *Abernathy,* 77 Miss. 872. This is absolutely conclusive of the point at issue. Furthermore, in *Alabama Railway Company* v. *Wilson Mercantile Company,* 63 So. 35, it was declared: "Considering the proposition of whether the freight charge was an open or unliquidated account within the meaning of the statute, it is to be taken into consideration that it was the duty of the agent of the railroad company to deliver the freight to the defendant as the consignee, and it then became the duty of the defendant to receive the shipment and pay the proper freight charges. These are duties imposed by the law. *Hill* v. *Southern Ry. Co.,* 60 So. 450; *L. & N. R. R. Co.* v. *McKenzie,* 5 Ala. App. 605, 59 So. 345. A demand cannot be regarded as an open account where there is a contract certain and fixed in all its terms,

which is the foundation of the claim.    1 Cyc. 363, D.; *Railroad Co.* v. *Lindsay,* 4 Wall. 650, 18 L. Ed. 382."

"In the instant case, there is a direct undertaking in writing acknowledging the receipt of the property and agreeing to deliver it to the appellee.  The property consisted of a car load of cotton seed, the receipt of which was so acknowledged, was partially lost in transit as a result of which there was a breach by appellant of the obligation expressly undertaken in writing, as a result of which this action is brought.

Under the foregoing decision, it cannot be successfully contended that this action is barred by the three years' limitation as its foundation is a bill of lading acknowledging receipt in which the obligations assumed are clearly set.

SYKES, J., delivered the opinion of the court.

This suit originated in a justice of the peace court in Hinds county, Miss., upon the following statement of facts:  On February 5, 1910, appellee (plaintiff in the court below) shipped a carload of cotton seed from Bogue Chitto, consigned to itself at Jackson, Miss.  In transit there was lost an amount of said seed  whose market value is agreed to be seventy-five dollars.  It is further agreed that, if the plaintiff in the court below is entitled to recover any damages whatever, then the amount of recovery is to be seventy-five dollars.  The original bill of lading issued to the appellee by the appellant at the point of origin of the shipment in part reads as follows:

"Received, subject to the classifications and tariffs in effect on the date of issue of this original bill of lading, . . . . the property described below, consigned to Jackson Refining Oil Company, Jackson, Miss.  Car. initial, C. & N. W. No. 73328.  Description of articles: C/L Cotton seed"

—signed by the agent of the carrier.  More than three years elapsed after the shortage was discovered and be-

fore the filing of this suit. Suit was filed within six years after the issuing of the bill of lading. Appellant pleaded the bar of the three-year statute of limitations. The only question to be decided by this court is whether the three or the six year statute of limitations applies to a suit of this character. It is the contention of the appellant in this case that the carrier contracted to carry a carload of cotton seed. A part thereof became lost. Therefore the obligation upon its part to pay for the same is implied in law, and the demand is barred by the three-year statute.

Section 3099 of the Code of 1906 provides as follows:

"Actions on an open account or stated account not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three years next after the cause of such action accrued, and not after."

This is not a suit based on an open account, or stated account not acknowledged in writing, signed by the debtor. Neither is it a suit on an unwritten contract, express or implied. The suit is founded upon an express contract to transport a carload of cotton seed. It makes no difference whether the bill of lading stated the number of pounds constituting the carload or not. In the case of *Washington* v. *Soria,* 73 Miss. 665, 19 So. 485, 55 Am. St. Rep. 555, on this question the court said:

"The action is not upon a contract provable by parol, but is one provable by a writing. Whether the action which might have been brought at law could have been on the promise contained in the deed, treating it as the deed of the defendant because of his acceptance, and the estoppel operating upon him to deny it to contain his written contract, as the decided weight of authority holds may be done, or whether, as is held by the Massachusetts courts, no action could have been maintained on the deed, but the plaintiff must have sued upon the promise implied by law from the acceptance of the deed by the defendant, is, we think, immaterial. In either event the promise of

the defendant, whether it be express or implied, is to perform a contract, the terms of which are written, and not unwritten. The promise to pay is implied by law, but it is a promise to perform a written, and not an unwritten, contract.''

In the case of *Fowlkes* v. *Lea,* in 84 Miss. on page 515, 36 So. on page 1037 (68 L. R. A. 925, 2 Ann. Cas. 466), this court says:

''The principle with which we are concerned is this, sharply stated: Is the recital that the grantor conveyed the land to the grantee in consideration of four hundred dollars a sufficient statement of the terms of the contract to make the statute of limitations relating to written promises the only one applicable? On this precise proposition we quote the following authorities above referred to. In the case of *Ames* v. *Moir & Co.* [27 Ill. App. 88] there was an action of assumpsit for goods delivered on an instrument containing the following recital: 'Contract. Chicago, June 9, 1870. I have this day bought of Robert Moir & Co., one hundred (100) barrels highwines, ''iron bound,'' at one dollar and seven cents ($1.07) per proof gallon. [Signed] Wilson Ames.' After reviewing several cases, the court says: 'There may be a contract in writting, although it contains no express promise to pay the consideration. Strickly speaking, there is no such express promise in Ames' contract. But when a state of facts is acknowledged in writing to exist, which imports an obligation to pay, the law implies the obligation, but the contract is not thereby reduced to parol. *Ashley* v. *Vischer,* 24 Cal. 322, 85 Am. Dec. 65. Such a contract is found in the passbook of a depositor in a bank. The entries in the book are not express promises to pay, but the law implies such promises, and the liability thereunder has been held not to be barred in five years. *Jassoy* v. *Horn,* 64 Ill. 379.' It is clear here that there was no express promise on Ames' part to pay, but a state of facts was acknowledged in writing to exist, which imported the obligation; but, although the law implied the

obligation, the contract was held to be a contract in writing with respect to the statute of limitations applicable. This case covers our case perfectly. There is no express promise on the part of the grantee to pay four hundred dollars, but there is a statement of facts—to wit, that the land was sold for the consideration of four hundred dollars—which statement of facts is acknowledged in writing, and from which statement of facts the law imports the obligation to pay.''

See *Musgrove* v. *Jackson*, 59 Miss. 390; *Madison County* v. *Collier*, 79 Miss. 220, 30 So. 610; *Lindenmayer* v. *Gunst*, 70 Miss. 639. 13 So. 252, 35 Am. St. Rep. 685. Section 3097 of the Code of 1906 provides:

''All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after.''

In this case, by the terms of the bill of lading, the railroad expressly agreed to transport and deliver a carload of seed to the appellee at the point of destination. This promise is in writing, and is the foundation of the action. Section 3097 of the Code of 1906, above quoted, is the one which governs the time within which this suit could be brought.

The judgment is therefore affirmed.

*Affirmed.*