WARREN GODWIN LUMBER CO. *v.* LUMBER MINERAL CO.

[82 South. 257, Division B. No. 20799.]

LIMITATION OF ACTIONS. *Suit on implied contracts. Statutes.*
  Where a contract for the purchase price of lumber was rescinded, because the lumber was not up to the dimensions specified in the written contract, and the buyer and its assignee refused to accept the lumber, and tendered it back to the seller and treated it as the property of the seller and made demand for the return of the original consideration, in such case it matters not whether the original contract of sale was written or verbal, the suit by the buyer for the original consideration and freight paid was not a suit upon a written contract, but upon a contract implied by law and falls within the provisions of Code 1906, section 3099 (Hemingway's Code, section 2463), and is barred in three years.

APPEAL from the circuit court of Covington County. HON. W. H. HUGHES, Judge.

Suit by the Warren Goodwin Lumber Company against the Lumber Mineral Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*J. B. Harris,* for appellant.

My original brief in this case was written upon the supposition that the case went off in the court below on the point that there was no proof of a written acceptance of the order for the lumber. It seems, however, to be conceded by counsel that there was a written order and acceptance, but the suit being to recover the money paid for the lumber, the right to recover that arose from an implied contract and was therefore governed by the three years' statute of limination. That counsel is wrong in this is conclusively settled by the recent case of *Wally* v. *Dantzler Lumber Co.,* 81 So. 488.

There are several remedies which may be pursued by the buyer in cases of this character, one of which was pursued in this case, but these matters are not involved here. The sole question here as stated on the argument is, whether this suit is based on an unwritten contract. If there is an implied contract, it arises out of the written contract, and the case should be reversed.

*T. H. Wills,* for appellee.

We do not understand how appellant contends that this suit is for the breach of the contract to sell and deliver the lumber. The lumber was delivered and paid for, and that transaction closed. If the lumber was short, was of a poor grade, a suit for the breach of the contract thereon could be maintained but the measure of damage would be the difference in the value of the lumber purchased and the value of the lumber delivered. No such cause of action is brought in this case.

When the lumber was shipped by appellee to appellant and paid for, as above stated, it was recognized by appellant to Barney & Smith, Dayton, Ohio. Barney & Smith refused the shipment because of the thickness of the lumber. Appellant then rescinded its contract and there arose immediately a right of action to recover the money that had been paid on an implied contract raised by operation of law. This was no feature of the original contract and is not bottomed on it in any manner whatsoever. The original contract made no specification of the re-payment of the freight in event the contract was rescinded. Appellant's right of action arose by operation of law and he, himself, fixed the date as March 5, 1913 (record page 30). The suit was not instituted until more than five (5) years thereafter, and being a suit on an implied contract, section 3099, controls. The cause of action was barred after three years from the time it arose. *Buntyn* v. *B. & L. Association,* 86 Miss. 454.

The action of the court below in excluding the evidence and peremptorily charging the jury to find for the defendant was correct and the judgment should be affirmed.

STEVENS, J., delivered the opinion of the court.

Appellant, a corporation, was plaintiff in the court below, and prosecutes this appeal from a judgment entered in pursuance of a peremptory instruction in favor of appellee as defendant. In January, 1913, appellant placed with the appellee a written order for a carload of lumber of certain specifications. Appellee, a corporation engaged in the manufacture of lumber, accepted the order, attempted to dress the lumber in accordance with its interpretation of the written contract, and shipped the lumber to Jackson, Miss. The appellant company, engaged generally in the business of buying

and selling lumber, contracted to sell and did ship this lumber to Barney-Smith Car Company, Dayton, Ohio. When the lumber arrived at its destination, it was rejected because it was dressed to a thickness of three-fourths, when it should have been dressed, as alleged, to the thickness of thirteen sixteenths. The appellant thereupon notified the Lumber Mineral Company that the lumber was not up to specifications, that appellant rejected the shipment, and that the lumber was held at appellee's order. After considerable delay and correspondence, appellee directed appellant to ship the lumber to appellee's order, Cincinnati, Ohio. In the meantime, the lumber, having been unloaded at Dayton, Ohio, was washed away by an unusual flood. It appears that appellant paid for the lumber when it was loaded upon the car at Arbo, Miss., and before appellant received and inspected it. Appellant also paid the freight on the lumber from Arbo, Miss., to Dayton, Ohio.

This suit is by appellant to recover the original price paid, as also the freight. It appears that the lumber was finally rejected in March, 1913, and this suit was not instituted until five years thereafter. The three-year statute of limitations was pleaded, and the trial court ruled that the action was barred.

The facts show that the contract for the purchase of this lumber was rescinded, because the lumber was not up to the dimentions specified in the written order. Appellant and its consignee refused to accept the lumber, and tendered it back to appellee, and treated it as the property of the seller. The contract was rescinded and demand made for return of the original consideration. This being true it matters not whether the original contract of sale was written or verbal. The suit for the original consideration and freight paid is not a suit upon a written contract, but upon a contract implied by law. Whether the six-year statute governs in the case of an implied contract arising out of a written contract, or,

as stated by Chief Justice Whitfield in *Buntyn* v. *B. &
L. Ass'n.* 86 Miss. 454, 38 So. 345, "all implied con-
tracts in this state are subject to the bar of three years,
as provided in Code of 1892, section 3739," we need
not inquire or decide. We are satisfied that the present
action is not one upon a written contract, but falls
squarely within the provisions of section 3099, Code of
1906 (section 2463, Hemingawy's Code). *Foote* v. *Farm-
er,* 71 Miss. 148, 14 So. 445; *Buntyn* v. *B. & L. Ass'n,
supra; Wally* v. *L. N. Dantzler Lbr. Co.,* 81 So. 489,
and authorities there discussed.

*Affirmed.*