Palmetto Fire Ins. Co. *v.* Allen.*

(Division B.   Oct. 5, 1925.)

[105 So. 483.   No. 25043.]

Discovery. *Answer to bill for discovery must be sworn to; in absence of statute, bill for discovery cannot be taken pro confesso; if bill waives answer under oath, such waiver destroys efficacy of answer.*

Under equity practice, it is necessary for an answer to a bill for discovery to be sworn to. That is the thing that makes the discovery evidence, and it is that which distinguishes it from a mere pleading. In the absence of a statute providing otherwise, a bill for discovery cannot be taken *pro confesso.* If the bill waives answer under oath, such waiver destroys the efficacy of the answer. This rule is not affected by section 585, Code of 1906 (section 345, Hemingway's Code), nor by section 586, Code of 1906 (section 346, Hemingway's Code).

*Headnote 1. Discovery, 18 C. J., Sections 25, 38.

APPEAL from chancery court of Bolivar county, second district.

HON. C. L. LOMAX, Chancellor.

Suit by N. P. Allen against the Palmetto Fire Insurance Company. From a judgment overruling a demurrer, defendant appeals. Reversed and remanded, with directions to dismiss bill, unless amended.

*A. A. Armistead,* for appellant.

This bill was filed on the authority of *L. & L. & G. Insurance Company* v. *Hinton,* 116 Miss. 754. Unquestionably the equity practice provides that bills of discovery should be sworn to, otherwise they are "fishing bills," and a fishing bill has been demurrable from the earliest records. See *Richardson* v. *Wolf,* 31 Miss. 616; Story's Equity Pleading (6 Ed.), sec. 288, page 304, sec. 313, page 326, sec. 477, page 459, sec. 572, page 519, sec. 1483, page 852, sec. 1486, page 854; 14 Cyc. 316 and 338, also 358; 16 Cyc. 366 B; 1 Daniels Chancery Pleading and Practice (5 Ed.), 375, sec. VI-1558, sec. V-1; 18 C. J. 1070, sec. 27, and authorities cited in Column A; Puterbaugh's Chancery Pleading and Practice (4 Ed.), 326.

On the foregoing authorities we confidently affirm that the bill in this case is demurrable, because the *same is not sworn to.*

1 *Does our statute, section 575 of the Code of 1906, permit a bill of discovery to be filed asking for relief on the discovery and also waiver of oath to the answer?*

This question, of course, relates alone to the waiver of the oath, and does not in any way destroy our contention that the original bill must be sworn to and is multifarious; otherwise it is a mere fishing bill, as described by Judge Peyton.

When we first filed this demurrer, we thought our position as to the waiver of the answer under oath was unquestionably sound, as we could not find any decision

of the state of Mississippi at that time bearing on the question

In delving through the books, we came across *Hentz* v. *Bank,* 76 Miss. 429. This was an injunction suit, and the point was whether the answer to the bill in chancery, where the oath was waived to the answer, could be used as evidence in a motion to dissolve the injunction. It was hidden away in the injunction law of the state.

We find, first, that bills for discovery were committed to the jurisdiction of the circuit courts under the Code of 1857, article 247, at page 520, and this jurisdiction was followed in the Code of 1871, at section 783, page 160. The waiver of oath to an answer appears for the first time in the Code of 1880, and seems to be statutory, as it was not the rule under the English Chancery Practice.

Judge WHITFIELD discusses the question of whether the answer to a bill, where oath was waived to the answer, could be used in an injunction suit. See statutes of the different states, and decisions construing them, 10 Am. and Eng. Enc. of P. & P. 1073, and following; same, Vol. 1, 949, *et seq.*

If it be true that the announcement of Judge WHITFIELD in the above-styled case, *Hentz* v. *Bank, supra,* is not *obiter,* then we say that the second ground of our demurrer, while correct in the English Chancery Practice, is changed by statute, section 585, Code of 1906.

*But we have no statute that changes the rule that the bill for discovery upon which relief is asked must be sworn to,* and while our statute as to multifariousness is changed somewhat from the English Chancery Practice, it still applies to this case, in that there is no "common interest" and "common liability" of these defendants, and in addition the bill not being sworn to unquestionably makes it a *mere fishing bill* as described by Judge PEYTON in *Buckner* v. *Ferguson, and a bill filed to gratify mere curiosity,* 44 Miss. 682.

*Clark, Roberts & Hallam,* for appellee.

Counsel says that because oath was waived to the bill and because the bill is not sworn to, and is multifarious, the first ground of the demurrer, that the bill has no equity on its face, is well taken.

It is a well-settled rule of equity jurisprudence that equity has jurisdiction to compel the issuance and delivery of a policy of insurance which the insurance company has agreed, but has failed, to issue. 26 C. J. 51.; *Franklin Fire Insurance Company* v. *Taylor,* 52 Miss. 443; *Liverpool, London & Globe Ins. Co.* v. *Hinton,* 116 Miss. 754, 77 So. 652.

The allegations of the bill as to the facts are practically identical with the allegations of the bill in the *Hinton case, supra,* which the court in that case held to be, sufficient, the only difference being that a copy of the old policy was attached to the bill in that case, whereas a copy of the old policy could not be attached in this case, for the reason that it had been lost. But the bill alleges that both the defendant insurance company and the defendant, Adams, have in their possession copies of the old policy. The failure, therefore, to attach a copy of the old policy, if necessary, is acounted for and excused.

It was not, however, necessary to attach copy of the old policy as an exhibit to the bill for the reason that the suit is not based on the old contract. In an action on an oral contract of insurance, complete in all its terms, but to be evidenced by a policy which insurer agreed to but did not issue before loss, the terms of the policy need not be set out, nor need a copy of it be attached to or filed with the declaration or complaint, since the policy is not the foundation of the action. *Western Assurance Company* v. *McAlpin,* 77 A. S. R. 424.

On the authority of these texts and decisions it would seem that the first ground of the demurrer is not well taken.

I.   *There is no statute which requires that a bill seeking discovery should be sworn to, and our statute ex-*

*pressly provides that answer under oath may be waived.*

Our contention is that the statutes of this state control in the matter of equity pleading, and that decisions rendered prior to their enactment, or not construing similar statutes, are not controlling.

The court will observe that the bill in this case makes out a case for relief in equity, even though nothing had been said therein about a discovery, and that the discovery is merely incidental to the other relief sought, and while in 18 C. J., 1069, it is said that where the bill is one for relief and discovery, a waiver of answer under oath is a waiver to the right of discovery, and the answer giving discovery cannot be compelled, yet this does not make the bill demurrable if the allegations of the bill are sufficient to authorize the court to award other relief prayed for cognizable in equity. *Manley* v. *Mickle* (N. J. Eq.), 37 Atl. 740.

Section 338, Hemingway's Code (section 578, Code of 1906), prescribes what every bill in equity must contain, and no exception is made as to bills for discovery, and no requirement is contained therein that the bill shall be sworn to. The matter of swearing to the bill is left optional with the complainant. It provides that the bill must contain a statement of the facts on which the complainant seeks relief in ordinary and concise language, and shall conclude with a prayer for relief, and it may contain special interrogatories to the defendant.

It will be seen that these statutes purport to prescribe a general rule controlling pleadings in equity, and that there are no exceptions with reference to bills of discovery. That this is true is held by this court in the case of *Hentz* v. *Delta Bank*, 75 Miss. 429, 24 So. 902, to which case the chancellor was referred before rendering his decision on the demurrer in this case. That this is true is also held in *Southern Railway Company* v. *Buckeye Cotton Oil Company*, 89 So. 228, at 230.

We also contend that as a general rule, a pure bill of discovery must require an answer under oath, but that

a different rule prevails where the bill also asks for relief. *Patek* v. *Patek,* 131 N. W. (Mich.) 1101; *Gulf Compress Company* v. *Jones Cotton Co.,* 47 So. (Ala.) 251; *Shelton* v. *Timmons,* 66 So. (Ala.) 9.

As we have shown that the complainant by the allegations of his bill has an equity independent of the equitable relief of discovery, there was no necessity that the bill should be sworn to. The authorities cited by counsel for the appellants, therefore, with the reference to swearing to a bill when the suit is based on a lost or destroyed instrument, and to establish the instrument, are not in point. The suit is not based on a lost instrument, and it cannot in any sense be termed a fishing bill. We have no fault to find with *Buckner* v. *Ferguson,* 44 Miss. 677. The bill in that case was a pure bill of discovery brought in aid of an action at law about to be commenced, but we disagree with counsel that that case held that an answer under oath can be waived only where discovery is sought in aid of a contemplated suit at law.

It is apparent, therefore, that neither the second, third, fourth nor fifth grounds of the demurrer are tenable.

ETHRIDGE, J., delivered the opinion of the court.

The appellee filed suit against appellant, the Palmetto Fire Insurance Company, and D. H. Adams, its agent at Boyle, Miss., alleging that on or about February 26, 1923, said fire insurance company, through its said agent, issued to appellee a fire insurance policy in the sum of one thousand, five hundred dollars for a term of one year on household furniture belonging to appellee; that to the best of appellee's recollection the premium paid was fifty-four dollars, and the same was charged to complainant on the books of account of said agent on thirty days' time, and was paid at the end of thirty days from the date of the issuance of the policy; that this had been the custom between complainant and said D. H. Adams, the insurance agent of the appellant; that, shortly before

the policy would expire by limitation, complainant, who was away from home a good deal on business, requested said Adams not to allow the policy to lapse, but to keep said insurance in force, and that said Adams promised so to do, and assured both complainant and complainant's wife that such insurance would be kept in force; that said policy expired by limitation on February 26, 1924, and on February 28, 1924, the furniture so insured was burned and totally destroyed; and that said Adams had failed to issue a new policy in accordance with the custom between the parties and in accordance with his agreement. It is further alleged that the policy so issued was lost or destroyed, so that complainant could not set out the terms and conditions thereof, but that said fire insurance company and said D. H. Adams each had a copy thereof, and that complainant was entitled to recover from said fire insurance company and said Adams the amount of his loss up to the sum of one thousand five hundred dollars, the amount of said policy; that complainant was entitled to have the policy issued for the same amount and under the same terms and conditions as the original policy, except as to dates, and that the dates should be for one year from February 26, 1924, viz., to February 26, 1925.

Complainant further alleged that he had tendered the amount of the premium due thereon and requested payment of said amount, but that said agent refused to accept the premium and refused to issue a new policy, and refused to pay the loss occasioned by said default; that complainant had made diligent search for said original policy, but was unable to find same, and prayed for process upon defendants and for a discovery of the terms and conditions of the lost policy of fire insurance, and that, said defendants be ordered to produce or procure a copy of the said policy of insurance, showing all of its terms and conditions, if possible to do so, but in default to produce their books and records showing the issuance, terms,

and conditions of said lost policy, and that said fire insurance company be ordered to issue a policy of fire insurance, renewing the policy aforesaid, and containing the identical terms and conditions as the original policy contained, but to expire one year from the date of the expiration of the old policy; and that defendants be held liable to the complainant for the amount of said insurance contained in said policy. There was no prayer for general relief.

The bill was demurred to on several grounds. First, that there was no equity on the face of the bill; and on several grounds pertaining to the discovery feature of the bill, challenging its sufficiency because of the waiver of oath to the answer, and because the original bill was not sworn to, and because the bill was multifarious. The demurrer was overruled by the court below, and appeal granted to settle the principles of the case.

While the bill prays for relief on the facts alleged and on the facts to be discovered, it does not contain such allegations as would enable the court to grant relief without a discovery. In other words, it is not such a bill as could be taken for confessed, and relief granted on the allegations therein contained. The discovery prayed for is essential to the making of the cause for the complainant. Discovery is the ground of equity relied on by complainant, and if the facts sought to be discovered were in the possession of complainant it would properly be a suit at law. Under the equity practice proper, in the absence of statutes, it is necessary for the answer to be sworn to. The oath is the thing that makes the discovery evidence, and it is that which distinguishes it from a mere pleading. In the absence of statute providing otherwise, a bill of discovery cannot be taken *pro confesso*. 6 Am. & Eng. Enc. Pl. & Pr. 732. A bill for discovery cannot be maintained if it waives answer under oath, for a waiver destroys the adequacy of the answer as regards discovery and turns it into a mere pleading. 6 Am. & Eng. Enc. Pl. & Pr. 732.

Under section 585, Code of 1906 (Hemingway's Code, section 345), it is provided:

"The answer shall be sworn to by the defendant unless the complainant in his bill shall waive an answer under oath; in which case the answer, whether sworn to or not, shall not be evidence for the respondent. The answer of a corporation need not be under its seal, but shall be sworn to by its president, general manager, or superintendent or other general officer, unless an answer under oath shall likewise be waived."

Section 586, Code of 1906 (Hemingway's Code, section 346), provides that:

"The rule requiring two witnesses, or one witness and and corroborating circumstances, to overthrow an answer denying the allegations of the bill, is abolished in all cases where the bill is sworn to by the complainant; and such an answer shall have only such weight and credit as in view of the interest of the party making the same, and the other circumstances of the case, it may be fairly entitled to."

Do these statutes change the equity rule making oath to the answer essential to the validity of the discovery, as distinguished from mere pleading? In *Hentz* v. *Delta Bank*, 76 Miss. 429, 24 So. 902, the court discussed some of these statutes, but did not decide the question now before us. The suit there was an injunction suit, and the point was not decided whether the answer could be used as evidence on the motion involved. We do not think that these statutes were intended to affect bills for discovery. Under the ancient chancery practice the answer was evidence and it required two witnesses, or one witness and corroborating circumstances, to overturn the answer in any case in equity. These statutes were intended to obviate, or place it in the power of complainant to obviate, the rigor of this rule. Of course, a bill may be filed and the defendant called on to answer and to produce certain papers; but, if the bill waives answer

141 Miss.—44.

under oath, it is a mere pleading, and when the answer is filed, unsworn to, the cause proceeds with the burden on complainant to make out his proof as to all matters not admitted in the answer.

We therefore think it was error for the court to overrule the demurrer in this cause, because discovery was essential to the complainant's cause of action. The judgment of the court below will therefore be reversed, and the demurrer sustained, and the bill ordered dismissed, unless complainant amends his bill within thirty days from receipt of the mandate in the court below.

*Reversed and remanded.*

Under section 734, Code of 1906 (Hemingway's Code, section 517), in actions founded on any writing a copy of such writing must be annexed to or filed with the declaration, and, where the declaration does not contain the exhibit, and does not set forth in specific allegations all the terms and conditions of the contract, the declaration is demurrable, and no relief on decree *pro confesso* and final decree can be rendered. This section is applicable to a suit in the chancery court on an insurance policy.

