* Corpus Juris-Cyc. References: Discovery, 18CJ, p. 1069, n. 72, 73.
Appellee, W.H. Hutchinson, as administrator of the estate of E.A. Dodson, filed the bill in this case in the chancery court of De Soto county against the appellants R.P. Dodson and his wife, Ollie A. Dodson, for the recovery from the former of the sum of eleven thousand eight hundred eighty-seven dollars and thirty-five cents, and, in aid of such recovery, sought discovery of certain necessary facts; and to enforce payment of such indebtedness, the bill sought to set aside an alleged fraudulent conveyance by appellant R.P. Dodson to his wife, Appellant Ollie A. Dodson. Appellants demurred to the *Page 643 
bill, assigning among other grounds, that it was without equity on its face. The court overruled the demurrer and granted this appeal to settle the principles of the cause.
Perhaps the case made by appellants' bill, as last amended, could not be better stated than as set out in the bill, as follows:
"Comes the complainant in the above-styled cause by and with the consent of the chancellor of the chancery court of said De Soto county, Miss., first had and obtained, and files this his second amended bill, and shows to the court as follows:
"That the complainant, W.H. Hutchinson, administrator of the estate of E.A. Dodson, deceased, is a citizen and resident of De Soto county, Miss.; that the defendants R.P. Dodson and Ollie A. Dodson are each non-residents of the state of Mississippi, and that each of them are citizens and residents of Memphis, Shelby county, Tenn., and that the post office address of each of said defendants is 247 N. Waldren, Memphis, Shelby county, Tenn. That the defendant R.P. Dodson is indebted to the complainant, W.H. Hutchinson, administrator of the estate of E.A. Dodson, deceased, in the sum of eleven thousand eight hundred eighty-seven dollars and thirty-five cents, as follows, to-wit: First. Five thousand dollars loaned to said R.P. Dodson by the said E.A. Dodson, deceased, some three or four years ago, the exact date of the loan not being known to the complainant, but well known to the defendant R.P. Dodson. That said loan was evidenced by a note duly signed by R.P. Dodson, bearing six per cent. interest per annum from its date; that it has been lost, misplaced, or destroyed, and that all interest on said note has been paid to January 1, 1925. That the defendant R.P. Dodson knows when he signed this note and knows that it has not been paid. That all facts and circumstances in connection with this loan and note are well known to the defendant R.P. Dodson, and are not well known to this complainant. Second. Six thousand eight hundred eighty-seven dollars *Page 644 
and thirty-five cents loaned to said R.P. Dodson by his said brother, E.A. Dodson, deceased, on or about the first of the year 1925, and bearing interest at six per cent. per annum from its date. No interest has been paid on this six thousand eight hundred eighty-seven dollars and thirty-five cent loan. This six thousand eight hundred eighty-seven dollars and thirty-five cent loan was evidenced by a note duly signed by R.P. Dodson, and it has been lost, misplaced, or destroyed. That the defendant R.P. Dodson knows when he borrowed this money, signed this note, and knows that it has not been satisfied or paid. That all the facts and circumstances in connection with this loan are well known to the defendant R.P. Dodson, and are not well known to complainant.
"That since making said loans to said R.P| Dodson, the said E.A. Dodson has departed this life, and complainant, W.H. Hutchinson, has duly and legally qualified as the administrator of the said E.A. Dodson's estate, and that said R.P. Dodson has failed and refused to pay complainant the said eleven thousand eight hundred eighty-seven dollars and thirty-five cents and accrued interest, although often requested to pay same, and that it is now owing and due from said R.P. Dodson to the said W.H. Hutchinson, administrator of the estate of E.A. Dodson, deceased. The said debts are just, due, and correct and unpaid and the same are not entitled to any credits, except interest on the five thousand dollar loan to the first of the year 1925, wherefore complainant brings this suit and prays for judgment against the defendant R.P. Dodson for said debts and interest. That the said E.A. Dodson left surviving him his widow, one adult son, ____ daughters, one minor son, one married minor daughter, two minor grandchildren, and one of his adult daughters has since died, leaving surviving her a minor daughter, all of whom are interested in the debts sued on in this cause. *Page 645 
"That said E.A. Dodson, deceased, on or about January 23, A.D. 1925, drew out of the Hernando Bank, Hernando, Miss., the sum of one thousand sixty-nine dollars and ten cents, and that on the same day he drew out of the Bank of Nesbitt, Miss., the sum of five thousand eight hundred eighteen dollars and twenty-five cents, and that at that time he told C.M. Powell, cashier of the bank of Nesbitt, what he was going to do with this money. That on or about April 20, A.D. 1925, petitioner and C.M. Powell, cashier of said Nesbitt bank, went to see defendant R.P. Dodson at his home in Memphis, Tenn., for the purpose of collecting the money due from said R.P. Dodson to said E.A. Dodson's estate, and that at that time they each talked to said R.P. Dodson about this money, but he would not and did not give them any definite information as to same and did not pay petitioner, but convinced each of them by his demeanor and conversation that he had the money. Among other things, he said this, to-wit: `Will (meaning petitioner), I have a prepared statement to make to the court about this money that I believe will satisfy you.' That, on April 27, A.D. 1925, petitioner's attorneys, Logan Barbee, wrote the defendant R.P. Dodson about this money, and Mr. J.W. Canada, defendant's attorney, answered the above-mentioned letter on May 2, A.D. 1925, and among other things admitted that on or about March 25, 1925, the said E.A. Dodson, deceased, delivered to the defendant R.P. Dodson the sum of five thousand dollars in cash. That on the date of the Canada letter above mentioned, to-wit, May 2, A.D. 1925, the said R.P. Dodson conveyed to Ollie A. Dodson, by a warranty deed for an alleged consideration of real estate in Memphis, Shelby county, Tenn., ten dollars cash, and other good and valuable consideration, the west half of section 31, township 1, range 8, De Soto county, Miss., and all live stock and farming implements located on said place. This deed is of record in Deed Book No. 21, p. 145, of the Deed Records of De Soto county, Miss., and a copy of same is attached *Page 646 
hereto marked Exhibit A and asked to be considered as fully as if set out herein.
"Complainant alleges and charges that said Ollie A. Dodson is the wife of said R.P. Dodson, that the above-mentioned deed was without consideration, and that no consideration moved from the said Ollie A. Dodson to said R.P. Dodson, for said three hundred twenty acres of land and said live stock and farming implements; that the above-mentioned deed is fraudulent; that it is a trick or device resorted to for the purpose of hindering, delaying, or defrauding creditors; that the above-described three hundred twenty acres of land and said implements and live stock are all and the only property of said R.P. Dodson located in the state of Mississippi; and that one of the purposes is making the foregoing mentioned conveyance from R.P. Dodson to said Ollie A. Dodson was to hinder, delay, or defraud complainant in the collection of the amounts hereinbefore set out. Complainant further alleges and charges that E.A. Dodson, deceased, departed this life in St. Joseph's Hospital, Memphis, Shelby county, Tenn. (where he had been carried for treatment), on or about March 20, A.D. 1925, and that at the time of his death and for a long time prior thereto he was a citizen and resident of De Soto county, Miss.; and that a short time before being taken to said St. Joseph's Hospital, he, said E.A. Dodson, deceased, made this statement to a member of his family, `I don't reckon I'll be with you all long, and if anything happens to me you will find a paper there in my pocket that you all can settle by.' Complainant further alleges and charges that Mrs. Ruby Dodson Booth took this paper out of said E.A. Dodson's pocket, and that said R.P. Dodson now has that paper, or knows where it is, or what became of it, and that he will not, or has not, produced it.
"Premises considered, petitioner prays that each of the defendants be required to answer this second amended bill, but not under oath, oath being waived. That the *Page 647 
defendant R.P. Dodson be required to answer the annexed interrogatories and to produce in court the paper that his daughter, Mrs. Ruby Dodson Booth, took out of said E.A. Dodson's pocket, and being the paper hereinbefore mentioned. That upon the trial of this cause, the court will set aside the conveyance from R.P. Dodson to Ollie A. Dodson of the west half of section 31, Township 1, Range 8, De Soto county, Miss., as fraudulent and resorted to for the purpose of hindering, delaying, or defrauding creditors; that complainant have a decree for his said debt, interest and costs, against R.P. Dodson, defendant, and a lien decreed in his favor against the said three hundred twenty acres of land hereinbefore mentioned and described, and if mistaken in this, complainant then prays that he have a decree for his said debt, interest, and costs, and a lien fixed and fastened against and on said three hundred twenty acres of land to satisfy same, and such other orders, or decrees for the satisfaction of said debt and lien and the protection of the adults and minors hereinbefore mentioned as to the court may seem meet and proper. Complainant prays for such other, further, general and special relief, as to the court may seem meet and proper. "State of Mississippi, County of De Soto.
"On this day personally appeared before me, the undersigned authority, W.H. Hutchinson, administrator of the estate of E.A. Dodson, deceased, who, first being duly sworn, stated that the above and foregoing second amended bill is true and correct as to matters within his knowledge, and as to matters not within his knowledge, upon information, he believes them to be true and correct. He further states on oath that the post office address of each of the defendants R.P. Dodson and Ollie A. Dodson is 247 N. Waldren, Memphis, Shelby county, Tenn. Sworn to and subscribed before me this September 22, 1926." *Page 648 
It will be observed that, although the bill seeks discovery and was sworn to, it expressly waives answer under oath by appellee.
We think it plain from the allegations of appellee's bill that discovery was necessary in order to ascertain and establish the amount due on the two notes which were the basis of the suit. This court held in Palmetto Fire Ins. Co. v. Allen, 141 Miss. 681, 105 So. 483, 769, that where a bill for discovery waived answer under oath, such waiver destroyed the efficacy of the answer. In discussing this question, the court said:
"While the bill prays for relief on the facts alleged and on the facts to be discovered, it does not contain such allegations as would enable the court to grant relief without a discovery. In other words, it is not such a bill as could be taken for confessed, and relief granted on the allegations therein contained. The discovery prayed for is essential to the making of the cause for the complainant. Discovery is the ground of equity relied on by complainant, and if the facts sought to be discovered were in the possession of complainant it would properly be a suit at law. Under the equity practice proper, in the absence of statutes, it is necessary for the answer to be sworn to. The oath is the thing that makes the discovery evidence, and it is that which distinguishes it from a mere pleading. In the absence of statute providing otherwise, a bill of discovery cannot be taken pro confesso, 6 Am. Eng. Enc. Pl. and Pr. 732. A bill for discovery cannot be maintained if it waives answer under oath, for a waiver destroys the adequacy of the answer as regards discovery and turns it into a mere pleading."
Griffith, in his Chancery Practice, section 364, states the rule thus:
"A bill which waives an answer under oath thereby waives the demand for a discovery — complainant cannot call on a defendant for any discovery except on condition *Page 649 
that the answer be a sworn one, with the privileges that belong to a sworn answer."
It is true that appellee's bill embodies two equities, namely, discovery and cancellation of the alleged fraudulent conveyance of land between appellants. But the latter equity depends upon the former, for there could be no cancellation of the alleged fraudulent conveyance until there had been a discovery and ascertainment and establishment of the alleged indebtedness from appellant R.P. Dodson to decedent, E.A. Dodson. It necessarily follows, therefrom, that, if the bill must go down as unsufficient for discovery, it must also fail as a bill for cancellation of the alleged fraudulent conveyance.
Reversed and remanded.