CITY OF HATTIESBURG *v.* COBB BROS. CONST. CO.

(Division B. Oct. 28, 1935.)

[163 So. 676. No. 31854.]

Heidelberg & Roberts, of Hattiesburg, for appellant.

Stevens & Currie, of Hattiesburg, for appellee.

Argued orally by **Rowland W. Heidelberg**, for appellant, and by **George W. Currie**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee filed its bill in the chancery court of Forrest county against appellant to recover the sum of two thousand five hundred dollars, and for discovery in aid thereof. Appellant answered the bill, and embodied in its answer grounds of demurrer separately set out as authorized by section 378, Code 1930. The demurrer was overruled, and an appeal granted to settle the principles of the cause.

The bill charged, in substance, the following facts: That on September 12, 1929, appellant advertised for bids from contractors for the construction of certain

sewer lines in the city. That appellee, among others, filed a bid for the doing of the work and furnishing the specified materials provided for in the advertisement and plans and specifications on file in the office of the city engineer, and tendered with its bid a certified check in the sum of two thousand five hundred dollars as a guaranty that it would enter into the contract to do the work in the event its bid should be accepted. That by inadvertence and mistake appellee had erroneously calculated the amount of the costs of the work and the materials, and when this was discovered, which was prior to the acceptance of its bid, it notified appellant's mayor and commissioners that it desired to withdraw its bid; that on account of such error it was far too low. That appellee called upon appellant to return its guaranty check, with notice that it would not enter into the contract if its bid was accepted. That appellant declined to return the check, and on October 3, 1929, undertook to accept the bid and award the contract to appellee, which appellee refused to enter into. That on the 17th day of October, 1929, appellant, by ordinance, seized and appropriated to its own use the two thousand five hundred dollars. And in addition, the bill asked that appellant be required to discover and produce a copy of the advertisement for bids, appellee's bid, together with any and all correspondence, letters, notice, documents, or other instruments in appellant's possession or under its control, or in the possession or control of appellant's clerk or mayor and commissioners, "respecting the said advertisement or bid and respecting the controversy herein." The bill waived answer under oath.

There seems to be no controversy between the parties with reference to the proposition that appellee had the right to withdraw its bid before the municipal authorities took any action thereon. A guaranty deposit can be recovered back by the bidder because of an honest mistake in calculation in making the bid, provided he gives notice

of his withdrawal of the bid before any action is taken thereon. 44 C. J., p. 107, sec. 2197.

The mooted questions are whether or not the chancery court had jurisdiction, and whether or not the three years' or the six years' statute of limitations applies, the bill having been filed more than three years after the cause of action arose and less than six years.

The sole ground of equity jurisdiction was discovery. The bill is insufficient for that purpose; it states no ground for discovery. In the first place, an answer under oath is waived. Where that is done, there can be no discovery; an answer under oath is essential. If there be no other equity in the case, the jurisdiction fails. Griffith's Chancery Practice, sec. 431. See, also, Dodson v. Hutchinson, 148 Miss. 640, 114 So. 736; Palmetto Fire Ins. Co. v. Allen, 141 Miss. 681, 105 So. 482, 769. There are other requisites for discovery—the bill must contain sufficient averments of facts to disclose an actual existing cause of action, and these averments must be as definite and positive as the circumstances will permit; they must show that the matters sought are not within the reasonable reach of the complainant. Griffith's Chancery Practice, sec. 429. According to the averments of the bill, the things of which discovery is sought are all public records of the municipality, unless appellee's withdrawal of its bid was oral instead of in writing. The public generally is entitled to reasonable access to such records with an opportunity to examine them. It follows from these views that the chancery court was without jurisdiction.

Appellant contends that the three years' statute of limitations applies under the principle that money paid to another by mistake of fact may be recovered in an action for money had and received, citing Bessler Movable Stairway Co. v. Bank, 140 Miss. 537, 106 So. 445, and other Mississippi decisions and decisions from other jurisdictions along the same line. The trouble with that

contention is that appellee did not turn over to appellant the two thousand five hundred dollars through mistake. Appellee actually intended to put up that amount as a guaranty of good faith. The mistake occurred back of that; it occurred in the calculation of the costs of materials and the work necessary to do the job; if no mistake had been made in that respect, still the two thousand five hundred dollars would have been put up.

Section 2299, Code 1930, provides that actions on open account or stated account not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three years after the cause of action accrued, and not after. Section 2292 provides that all actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of action accrued, and not after. Section 2292 covers all written contracts. Does it cover an implied contract provable entirely by writing? We think it does, and that this conclusion is supported by Washington v. Soria, 73 Miss. 665, 19 So. 485, 55 Am. St. Rep. 555; Cock v. Abernathy, 77 Miss. 872, 28 So. 18; Fowlkes v. Lea, 84 Miss. 509, 36 So. 1036, 68 L. R. A. 925, 2 Ann. Cas. 466; Masonic Benefit Association v. First State Bank of Columbus, 99 Miss. 610, 55 So. 408; Illinois Cent. R. Co. v. Jackson Oil & Refining Co., 111 Miss. 320, 71 So. 568; Blodgett v. Pearl River County, 134 Miss. 816, 98 So. 227; De Soto County v. Wood, 150 Miss. 432, 116 So. 738; Milam v. Paxton, 160 Miss. 562, 134 So. 171.

The promise to pay need not be expressed in writing, nor is it necessary for the writing to be signed by the promisor. However, the promise to pay must arise out of the writing by implication, and, furthermore, the entire material facts out of which the implied promise to pay arises must be provable by writing; it may be one writing or several. If there is any break in the chain of the writings and such break has to be supplied by parol testimony, then the three years' statute applies and not

the six years'. Applying those principles to this case: If there was, as required by law, a written record of the proceedings of appellant's mayor and commissioners in reference to this matter, and in addition appellee withdrew its bid in writing, and implied promise to return the two thousand five hundred dollars would arise, provably entirely by writings. As stated, however, a break in the chain—such as appellee's withdrawal of its bid orally and not in writing—would bring into operation the three years' statute instead of the six.

Buntyn v. National Mutual Building & Loan Association, 86 Miss. 454, 38 So. 345; Beck v. Tucker, 147 Miss. 401, 113 So. 209; Warren Godwin Lumber Co. v. Lumber Mineral Co.. 120 Miss. 346, 82 So. 257; Federal Land Bank v. Collins, 156 Miss. 893, 127 So. 570, 69 A. L. R. 1068; Blount v. Miller, 172 Miss. 492, 160 So. 598, and other decisions of this court referred to by appellant, are not in real conflict with Washington v. Soria and the other cases along that line above referred to. The narrow question is whether all of the material facts out of which the implied promise arises are provable by writing; if they are, the six years' statute applies, if not, the three years' statute. Any break in the writing or writings which is material and provable only by parol brings the three years' statute into operation.

Appellee may or may not on remand be able to make the case under these principles.

Reversed and remanded.