## PRINCE v. PRINCE.

(In Banc. Feb. 10, 1941. Suggestion of Error Overruled, March 10, 1941.)

[200 So. 126. No. 34406.]

**Spinks & McCully**, of DeKalb, for appellant.

**Byrd & Byrd,** of Newton, for appellee.

Argued orally by **L. P. Spinks,** for appellant.

**Smith, C. J.**, delivered the opinion of the court.

This action was begun by the appellant against the appellee on a declaration alleging that, in February, 1931, the appellant and W. I. Luke, at the request of the appellee and for his accommodation, joined him in executing a promissory note to Henderson-Molpus Company for $7,500 to cover an indebtedness due it by him. This note was assigned by the payee to J. W. McArthur, and on January 19, 1933, was renewed by a new note to McArthur for $5,000, signed by the appellee, the appellant, and Luke, due January 19, 1934. On January 24, 1933, the appellant made a payment on this note, and on October 9, 1934, he paid the balance due thereon. The recovery sought is for the aggregate of these two amounts, with interest thereon.

To this declaration the appellee filed two pleas: One setting up the three-year limitation on the right to bring an action provided by section 2299, Code 1930; and one setting up the six-year period of limitation therefor set forth in section 2292, Code 1930. Demurrers to each of these pleas were overruled; and the appellant declining to plead further, judgment was rendered for the appellee.

The question presented by each of these demurrers is whether the limitation provided by the statute invoked in the plea demurred to applies to the cause of action set forth in the declaration. If section 2299 applies, the court below committed no error in overruling the demurrer to the plea invoking that section, and it then became the duty of the appellant to reply to the plea. On his declining to do this, the appellee was entitled to a judgment, and it will, therefore, not be necessary to consider the plea setting up the limitation provided by section 2292.

Section 2299, Code of 1930, provides that "actions . . . on any unwritten contract, express or implied, shall be commenced within three years next after the cause of such action accrued, and not after."

This note, when paid by the appellant, was assigned to

him, and it is made an exhibit to his declaration; but the appellant's action is not based, by his declaration, on the note, but on a claimed implied promise by the appellee to reimburse the appellant for the payments made by him on the note.

Each of the three makers of this note were absolutely bound to pay it; but, as among themselves, the primary obligation so to do rested on the appellee for whose accommodation the other two signed it. When the appellant made the payments on the note set forth in the declaration, the appellee became obligated to reimburse him therefor. Restatement Restitution and Quasi-Contracts, Secs. 76 and 77.

This is admitted by the appellee, but he says that this obligation does not arise on a written contract, but on a promise implied by law to so reimburse the appellant; to which the appellant replies that the promise implied is to perform a written contract—a contract provable by the note, a written instrument; and therefore the cause of action is not within section 2299. The note in this connection proves only that the appellant was bound to pay it. What his rights are against the appellee on paying it was not set out therein, but rest on what effect the law gives to this payment. In order for an implied promise to be without section 2299, it must be "to perform a contract, the terms of which are written." Washington v. Soria, 73 Miss. 665, 19 So. 485, 487, 55 Am. St. Rep. 555. In that case a grantor conveyed land by a deed poll for a recited consideration, payable in named installments, which the grantee failed to make. When sued therefor, the court held that the section of the then Code that is now section 2299, Code of 1930, had no application, for the implied promise sued on was to do what the deed set forth— that is, pay the named instalments of the purchase money on their due dates. That case has been followed by this court in subsequent cases.

Moreover, the payments made by the appellant, because of which the implied promise arises, are not provable by

any writing, but rest in parol.  City of Hattiesburg v. Cobb Bros. Const. Co., 174 Miss. 20, 163 So. 676.

Affirmed.